*263
 
 Weygandt, C. J.
 

 The sole question of law before the court for consideration at this time is whethér the trial court possesses the jurisdiction to hear and decide the plaintiff’s motion for the allowance of an order requiring the defendant to pay the plaintiff for the temporary support and maintenance of their minor child.
 

 The facts are not in dispute. The plaintiff’s decree for a divorce from the defendant was obtained in the state of Virginia in the year 1912. Service was obtained by publication. The plaintiff was awarded the custody of their child, but the decree was silent as to support and maintenance. The plaintiff has supported the child. The defendant has not. The plaintiff mother and the child are now residents of the state of Pennsylvania. The defendant father is now a resident of Summit county, Ohio.
 

 Perhaps it should be observed that the trial court did not determine the right of. the plaintiff to recover from the defendant for the support and maintenance already furnished by her for the child. Hence, that phase of the controversy is not before this court for decision at this time. Nor is there a dispute concerning the jurisdiction of the trial court over the parties to this action.
 

 The defendant contends that as to the plaintiff’s motion for an order for the temporary support and maintenance of the child, the trial court is without jurisdiction of the subject matter. He does not contend that as the minor child’s father he is not liable for its support or unable to pay therefor. Rather he insists that this is not a proper type of action to enforce his liability; that actions for divorce or alimony are the only ones in which an order for temporary support and maintenance can be allowed; that Ohio is not the proper forum, since the'divorce and custody decree was not awarded here and the plaintiff mother and the child are not residents of this state; that the
 
 *264
 
 matter of support is inseparable from that of custody; that since the custody of the child' was awarded to-the plaintiff by the decree of the Virginia court, that court therefore has exclusive jurisdiction in the matter of custody; that having exclusive jurisdiction of the matter of custody, that court has exclusive jurisdiction likewise of the inseparable matter of support; and that hence the plaintiff’s remedy is to file a motion to modify the decree in the original action and thereby ask that court now to consider the two inseparable-matters of support and custody.
 

 With these contentions of the defendant this court finds itself unable to agree. In the two paragraphs-of the syllabus in the case of
 
 Pretzinger
 
 v.
 
 Pretzinger
 
 45 Ohio St., 452, 15 N. E., 471, 4 Am. St. Rep., 542, not mentioned by the defendant, this court held:
 

 “1. The obligation of the father to provide reasonably for the support of his minor child, until the latter is in a condition to provide for his own support, is not impaired by a decree which divorces the wife
 
 a vinculo,.
 
 on account of the husband’s misconduct, gives to her the custody, care and nurture of the child, and allows-her a sum of money as alimony, but with no provision for the child’s support.
 

 “2.
 
 The mother may recover a reasonable compensation from the father, for necessaries furnished1 by her to the child after such decree, and may maintain an original action for such compensation against the-father, in a court other than that in which the divorce was granted.”
 

 On page 458 of the opinion in that case Judge Dick-man pertinently observed:
 

 “The duty of the father to provide reasonably for the maintenance of his minor children, if he be of ability, is a principle of natural law. And he is under obligation to support them, not only by the laws of nature, but by the laws of the land. As said by Chan
 
 *265
 
 ■cellor Kent, ‘The wants and weaknesses of children render it necessary that some person maintains them, .and the voice of nature has pointed out the parent as the most fit and proper person.’ 2 Kent’s Com., 190; and see
 
 Trustees Jefferson Tp.
 
 v.
 
 Trustees Letart Tp.,
 
 3 Ohio, 100;
 
 Edwards
 
 v.
 
 Davis,
 
 16 John., 281. This natural duty is not to be evaded by the husband’s so conducting himself, as to render it necessary to dissolve the bonds of matrimony, and give to the mother the custody and care of the infant offspring. It is not the policy of the law to deprive children of their rights on account of the dissensions of their parents, to which they are not parties; or to enable the father “to convert his own misconduct into a shield against parental liability. The divorce may deprive him of “the custody and services of his children, and of the rights of guardianship against his will; but if by the .judgment of the court, and upon competent and sufficient evidence he is found to be an unfit person to ■esercise parental control, while the mother is in all respects the proper person to be clothed with such .authority, he cannot justly-complain.
 

 “The alimony allowed by the court below is not to be construed into an allowance for the support, also, ■of the child. Alimony, in its proper signification, is not maintenance to the children, but to the wife; and the fact that there has been a judgment of divorce, with alimony and custody of minor children to the wife, will not of itself operate as a bar to a subsequent claim ■against the husband for the children’s maintenance:
 

 “We think it is a sound principle that, if a man -abandons his wife and infant children, or forces them from home by severe usage, he becomes liable to the public for their necessaries. The doctrine is stated in
 
 Weeks
 
 v.
 
 Merrow,
 
 40 Me., 151, that, if a minor is forced out into the world by the cruelty or improper conduct ■of the parent, and is in want of necessaries, such neces
 
 *266
 
 saries may be supplied, and tbe value thereof collected of the parent, on an implied contract. See, also, the language of Metcalf, J., in
 
 Dennis
 
 v.
 
 Clark,
 
 2 Cush., 352; 2 Kent’s Com., 193;
 
 Stanton
 
 v.
 
 Willson,
 
 3 Day, 37; Lord Eldon, in
 
 Rawlyns
 
 v.
 
 Vandyke,
 
 3 Esp., 252;
 
 Fitler
 
 v.
 
 Fitler,
 
 33 Pa. St., 50. There is evidently no satisfactory reason for changing th erule of liability, when, through ill-treatment, or other breach of marital obligation, the husband renders it necessary for a court of justice to divorce the wife, and commit to her the custody of her minor children. If, under such circumstances, upon the allowance of alimony with custody of children, the court omits to make an order for the children’s maintenance, the father’s natural obligation to support them is of none the less force.”
 

 Following this discussion of a father’s liability for the support and maintenance of his minor child, Judge Dickman disposed of the further question of remedy with the following sound reasoning on page 462:
 

 “It is contended that the defendant in error should have sought her remedy in the original divorce suit, by a modification of. the decree. It is doubtless recognized as the general doctrine that the court may, upon application made in the same cause, modify its decree as to alimony, from time to time, on any change in the condition of the parties, as justice may require. And such modification may be obtained by an original petition upon proper allegations.
 
 Olney
 
 v.
 
 Watts,
 
 43 Ohio St., 499. But, as we have already seen, the expense of maintaining her minor child, was not included in the judgment allowing alimony to the defendant in error.
 

 “Owing, it may be, to the father’s insolvency the enforcement of his obligation to provide necessaries for his child, was left to the future, as his indebtedness might be incurred by the furnishing of such necessaries by others, or as his pecuniary condition might
 
 *267
 
 improve. But, while in-the decree no order was made for the child’s maintenance, the father could not avoid liability for his reasonable support, because an 'action against him for necessaries had been commenced in another tribunal, or because of his removal into another county. The natural obligation resting upon him in the forum of divorce would not become lifeless because its enforcement was not sought in the jurisdiction in which the divorce was granted. Although the record shows that the original action in divorce was in the Court of Common Pleas of Darke county, while the petition subsequently filed to charge the husband with the support of the child, was filed in the Court -of Common Pleas of Montgomery county, it was not sought in the latter court to change or modify, in any manner, the decree in the divorce cause, but only to -enforce a claim growing out of a natural obligation of the father, which was antecedent to the decree, and which the decree left unimpaired.”
 

 Similarly, in the instant support case this plaintiff mother is not asking the Ohio trial court to modify the decree of the Virginia court in the divorce action. That decree is silent on the matter of support. Nor is the plaintiff asking the Ohio court to enforce a liability arising out of the Virginia decree. Rather, it is a liability unaffected by that decree and not dependent on the law of that state alone. Furthermore, this is not a criminal action; nor is it one for divorce or alimony. It is a civil suit filed in the jurisdiction where the defendant now resides and where the plaintiff could obtain service of summons; and the residence of the plaintiff is immaterial, since the suit is to obtain payment to
 
 her
 
 from the defendant for the support and maintenance that
 
 she
 
 has furnished and continues to furnish their minor child under an implied contract which is the subject matter of the action. There is nothing in the nature of the contract to prevent a court
 
 *268
 
 of general jurisdiction from adjudicating the rights of the plaintiff and the defendant as parties thereto-
 

 A study of the
 
 Pretzinger case, supra,
 
 discloses that it involved only support and maintenance already furnished by the plaintiff mother to the child, while-the instant controversy includes temporary as well as past support and maintenance. However, both phases of this plaintiff’s claim are based on the same-implied contract; and there seems to be no valid reason for holding that the trial court has jurisdiction of' the subject matter in the one phase but not the other when they involve the same contract and the same continuing liability. Otherwise, the plaintiff mother’s-sole remedy would be to follow the father from place-to place with the hope of finding him and obtaining service of summons on him in a multiplicity of actions-for past support and maintenance she had furnished the child, assuming her financial ability to advance this-expense for indefinite periods of time. Furthermore,, such a series of actions — even if successful — would be-merely accomplishing by dilatory indirection the objective the plaintiff is seeking here to attain by a direct and simple method.
 

 In the case of
 
 Simonds
 
 v.
 
 Simonds,
 
 154 F. (2d), 326, a mother, as next friend and on behalf of her minor child, instituted an action in the District of Columbia, against the father who had been divorced in the state-of Connecticut. The divorce decree contained no-provision for the support of the child. In the later suit service of summons was obtained on the father-in the District of Columbia although at that time he-was domiciled in the state of Maryland. The prayer was for support for the child. The court ordered the father to pay attorney’s fees and $100 per month for the child’s support. On appeal the reviewing court said in part:
 

 “Appellant concedes that the mother, in her own
 
 *269
 
 name, could sue to collect support money for the child, also, that a third party supplying necessaries to the daughter could collect for their reasonable value in an action against the father. Thus, the real difference between appellant’s position and that of appellee is that the former argues that the desired result can only be accomplished by indirection while the latter has taken the shortest route to the objective.”
 

 Under the circumstances in the instant case the Court of Appeals was correct in reversing the trial court for refusing to take jurisdiction of the plaintiff’s motion for temporary support and maintenance of the minor child. The judgment of the Court of Appeals is affirmed and the cause is remanded to the Court of Common Pleas for a determination of the plaintiff’s claim for temporary as well as past support and maintenance.
 

 Judgment affirmed.
 

 Hart, Zimmerman and Sohngen, JJ., concur.
 

 Turner, Matthias and Stewart, JJ., dissent.