OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Haskins, Appellant, v. Bronzetti, Appellee.

[Cite as Haskins v. Bronzetti (1992),    Ohio St. 3d    .]

Domestic relations -- Nonresident custodial parent has right to pursue action for child support against noncustodial parent in a court of competent jurisdiction in this state, when.

A nonresident custodial parent has a right to pursue an action for child support against the noncustodial parent in a court of competent jurisdiction in this state when the noncustodial parent is a resident of Ohio and the parties' foreign divorce decree and child custody order do not address the issue of support.

(No. 91-1199 -- Submitted April 29, 1992 -- Decided July 22, 1992.)

Appeal from the Court of Appeals for Cuyahoga County, No. 59975.

Appellee, Ronald J. Bronzetti, and appellant, Linda J. (Bronzetti) Haskins, were married in 1967. During the marriage, two children were born as issue.

In July 1975, a California court entered an interlocutory judgment declaring that the appellee and appellant were permitted to have their marriage dissolved. The interlocutory judgment provided for the distribution of the parties' community property. Thereafter, on October 17, 1975, the California court entered a final decree of dissolution. The interlocutory judgment and the final decree of dissolution were silent with respect to custody of, and child support for, the parties' two minor children.

On June 20, 1977, the appellee and appellant entered into a written agreement which provided, among other things, that appellant was to have custody of the minor children and appellee would pay child support of $400 per month. At the time, appellant was residing in Massachusetts and appellee was living in Colorado. It appears that appellee has always abided by the terms of the agreement.

On June 24, 1977, a Massachusetts probate court entered a judgment, pendente lite, and ordered that the July 1975 California interlocutory judgment be modified to the extent that appellant be given custody of the parties' children. The

probate court order did not provide for child support. Further, the June 20, 1977 written agreement between the appellee and appellant addressing the issue of custody and support remained independent of and was not incorporated into the Massachusetts probate court order or the California decree of dissolution.

On May 17, 1989, the appellant filed in the Court of Common Pleas of Cuyahoga County, Domestic Relations Division, a "petition" to adopt the decree of dissolution issued by the California court.  Appellant specifically requested that the common pleas court adopt the California decree for purposes of modifying child support.  In addition, appellant filed a motion to increase child support payments.  At the time appellant filed her complaint and motion, it appears that the appellant and the children were residing in New Hampshire.  Appellee was living in Cleveland, Ohio.  Apparently, appellee has since moved to Kansas.

In response to appellant's complaint to adopt the California decree of dissolution and motion to increase child support payments, the appellee filed a motion to dismiss, asserting that the trial court lacked jurisdiction over the subject matter.  The trial court granted the appellee's motion.  On appeal, the court of appeals affirmed the judgment of the trial court.

The cause is now before this court pursuant to the allowance of a motion to certify the record.

McDonald, Hopkins, Burke & Haber Co., L.P.A., and Roger L. Kleinman, for appellant.

Dyson, Schmidlin & Foulds Co., L.P.A., James J. Dyson and Celeste Manway, for appellee.

Douglas, J.   The underlying issue before this court is whether appellant can pursue an action for child support against the appellee in the Court of Common Pleas of Cuyahoga County.  Appellant suggests that an independent action for child support will lie as against the appellee in Ohio.  We agree.

All parents have a duty to support their children.  At common law, such an obligation rested primarily upon the father.  State ex rel. Wright v. Indus. Comm. (1943), 141 Ohio St. 187, 189-190, 25 O.O. 277, 278, 47 N.E.2d 209, 211.  Long ago, in what has become somewhat of a seminal opinion, we observed that:

"The duty of the father to provide reasonably for the maintenance of his minor children, if he be of ability, is a principle of natural law.  And he is under obligation to support them, not only by the laws of nature, but by the laws of the land.  As said by Chancellor Kent, 'The wants and weaknesses of children render it necessary that some person maintains them, and the voice of nature has pointed out the parent as the most fit and proper person.'  * * *"  Pretzinger v. Pretzinger (1887), 45 Ohio St. 452, 458, 15 N.E. 471, 473.

In McDaniel v. Rucker (1948), 150 Ohio St. 261, 37 O.O. 495, 80 N.E.2d 849, we relied extensively on Pretzinger, supra, and concluded that a trial court had jurisdiction to address a nonresident custodial mother's request for temporary support

and maintenance of the parties' minor child during the pendency of the mother's action for past support and maintenance.1  The factual scenario in McDaniel resembles the situation here.  The mother and father in McDaniel were divorced in a state other than Ohio and the mother was awarded custody.  The divorce decree was silent with respect to support for the child.  In concluding that the trial court had jurisdiction to address the custodial mother's request for temporary support and maintenance, we reasoned, in part, that:

"* * * [T]his is not a criminal action; nor is it one for divorce or alimony.  It is a civil suit filed in the jurisdiction where the defendant now resides and where the plaintiff could obtain service of summons; and the residence of the plaintiff is immaterial, since the suit is to obtain payment to her from the defendant for the support and maintenance she has furnished and continues to furnish their minor child under an implied contract which is the subject matter of the action.  There is nothing in the nature of the contract to prevent a court of general jurisdiction from adjudicating the rights of the plaintiff and the defendant as parties thereto."  (Emphasis sic.)  Id. at 267-268, 37 O.O. at 497, 80 N.E.2d at 853.

The General Assembly has, in various instances, codified the common-law duty imposed on parents to support their minor children.  For example, former R.C. 3103.032 placed a statutory burden on the mother and father, regardless of their marital status, to support their minor children.  In re Dissolution of Marriage of Lazor (1991), 59 Ohio St.3d 201, 572 N.E.2d 66.  Further, former R.C. 3109.05(A) provided, in part, that:  "[i]n a divorce, dissolution of marriage, alimony, or child support proceeding, the court may order either or both parents to support or help support their children, without regard to marital misconduct. * * *"  (Emphasis added.)  See, also, former R.C. 3109.03 (when a man and woman are married and living separate and apart from each other, or are divorced, questions as to the care of their children are properly before a court of competent jurisdiction and both are equally responsible for the care of their children); former R.C. 2111.08 (wife and husband are the joint natural guardians of their minor children and are equally responsible for their care).

Both common and statutory law in Ohio mandate that a parent provide sufficient support for his or her child.  Indeed, the obligation of support follows the parent.  The duty to provide support is not nullified by the mere fact that a foreign divorce decree and child custody order are silent with respect to support.  Therefore, we find that a nonresident custodial parent has a right to pursue an action against the noncustodial parent for child support in a court of competent jurisdiction in this state when the noncustodial parent is a resident of Ohio and the parties' foreign divorce decree and child custody order do not address the issue of support.

Appellant urges that her "petition" (complaint)3 to adopt the California decree, requesting a modification of child support payments, be treated as surplusage and suggests that her motion to increase child support be construed as a common-law complaint for support.  The difficulty with

appellant's suggestion is that there has not been a court-ordered award of child support. Obviously, without an award from a court, there can be nothing to increase or, for that matter, to modify.

It appears to us that what appellant sought in the trial court was, in actuality, an original judicial determination of appellee's child-support obligation. Thus, based on our findings, supra, we remand the cause to the trial court and allow appellant to make any and all necessary amendments pursuant to Civ. R. 15, and set forth a cognizable claim for child support against the appellee.

Accordingly, the judgment of the court of appeals is reversed and remanded.

                                   Judgment reversed
                                   and cause remanded.

Sweeney and Resnick, JJ., concur.
Wright, J., concurs in the syllabus and judgment.
Holmes, J., concurs in judgment only.
Moyer, C.J., and H. Brown, J., dissent.

FOOTNOTES:

1    Both Pretzinger v. Pretzinger (1887), 45 Ohio St. 452, 15 N.E. 471, and McDaniel v. Rucker (1948), 150 Ohio St. 261, 37 O.O. 495, 80 N.E.2d 849, have been partially overruled in Meyer v. Meyer (1985), 17 Ohio St.3d 222, 17 OBR 455, 478 N.E.2d 806. However, Meyer does not conflict with or affect today's holding. In Meyer, a majority of this court held in the syllabus that a custodial parent could not seek reimbursement for past child support expenses furnished by the noncustodial parent where no support was made or requested at the time custody was awarded. In the case at bar, the appellant is not seeking past support but, rather, present support obligations of the appellee.

2    R.C. 3103.02 was amended effective April 11, 1991.

3    The original pleading is denominated a "complaint" rather than a "petition." See Civ.R. 7(A), which has replaced R.C. 2309.02.

Wright, J., concurring in syllabus and judgment. I agree that the court of common pleas has subject matter jurisdiction over this case, but write separately to stress that a domestic relations court should not exercise its jurisdiction if the court of another state has retained continuing jurisdiction over the parties pursuant to a divorce decree, custody determination, or support order. However, it appears from the record that the California court has agreed to have the Cuyahoga County Court of Common Pleas proceed in this matter, and that the probate court in Massachusetts never obtained personal jurisdiction over the defendant. Under these circumstances, the plaintiff can proceed with her action in Ohio.

Herbert R. Brown, J., dissenting. I agree that all parents have a duty to support their children. Common law in Ohio indeed allows a judicial determination of the child-support obligation of a noncustodial parent. Unfortunately, that issue is not before us.

Appellant brought a "petition to adopt a foreign decree for modification of child support." Child support in this case has been determined solely on the basis of a private

agreement.  No court in any state has issued a decree involving child support.  Thus, it is impossible for any court in this state to adopt, let alone modify, a foreign decree that does not exist.

Liberal interpretation cannot transform appellant's "petition" into a complaint for a common-law action to establish appellee's child-support obligation.  The case was properly dismissed, and we should affirm.

Moyer, C.J., concurs in the foregoing dissenting opinion.