HASKINS, APPELLANT, *v.* BRONZETTI, APPELLEE.

[Cite as *Haskins v. Bronzetti* (1992), 64 Ohio St.3d 202.]

(No. 91–1199—Submitted April 29, 1992—Decided July 22, 1992.)

*McDonald, Hopkins, Burke & Haber Co., L.P.A.,* and *Roger L. Kleinman,* for appellant.

*Dyson, Schmidlin & Foulds Co., L.P.A., James J. Dyson* and *Celeste Manway,* for appellee.

DOUGLAS, J.  The underlying issue before this court is whether appellant can pursue an action for child support against the appellee in the Court of Common Pleas of Cuyahoga County.  Appellant suggests that an independent action for child support will lie as against the appellee in Ohio.  We agree.

All parents have a duty to support their children.  At common law, such an obligation rested primarily upon the father.  *State ex rel. Wright v. Indus. Comm.* (1943), 141 Ohio St. 187, 189–190, 25 O.O. 277, 278, 47 N.E.2d 209, 211.  Long ago, in what has become somewhat of a seminal opinion, we observed that:

"The duty of the father to provide reasonably for the maintenance of his minor children, if he be of ability, is a principle of natural law.  And he is under obligation to support them, not only by the laws of nature, but by the laws of the land.  As said by Chancellor Kent, 'The wants and weaknesses of children render it necessary that some person maintains them, and the voice of nature has pointed out the parent as the most fit and proper person.'  * * * "
*Pretzinger v. Pretzinger* (1887), 45 Ohio St. 452, 458, 15 N.E. 471, 473.

In *McDaniel v. Rucker* (1948), 150 Ohio St. 261, 37 O.O. 495, 80 N.E.2d 849, we relied extensively on *Pretzinger, supra,* and concluded that a trial court had jurisdiction to address a nonresident custodial mother's request for temporary support and maintenance of the parties' minor child during the pendency of the mother's action for past support and maintenance.[1] The factual scenario in *McDaniel* resembles the situation here. The mother and father in *McDaniel* were divorced in a state other than Ohio and the mother was awarded custody. The divorce decree was silent with respect to support for the child. In concluding that the trial court had jurisdiction to address the custodial mother's request for temporary support and maintenance, we reasoned, in part, that:

" * * * [T]his is not a criminal action; nor is it one for divorce or alimony. It is a civil suit filed in the jurisdiction where the defendant now resides and where the plaintiff could obtain service of summons; and the residence of the plaintiff is immaterial, since the suit is to obtain payment to *her* from the defendant for the support and maintenance *she* has furnished and continues to furnish their minor child under an implied contract which is the subject matter of the action. There is nothing in the nature of the contract to prevent a court of general jurisdiction from adjudicating the rights of the plaintiff and the defendant as parties thereto." (Emphasis *sic.*) *Id.* at 267–268, 37 O.O. at 497, 80 N.E.2d at 853.

The General Assembly has, in various instances, codified the common-law duty imposed on parents to support their minor children. For example, former R.C. 3103.03 [2] placed a statutory burden on the mother and father, regardless of their marital status, to support their minor children. *In re Dissolution of Marriage of Lazor* (1991), 59 Ohio St.3d 201, 572 N.E.2d 66. Further, former R.C. 3109.05(A) provided, in part, that: "[i]n a divorce, dissolution of marriage, alimony, or *child support proceeding,* the court may order either or both parents to support or help support their children, without regard to marital misconduct. * * * " (Emphasis added.) See, also, former R.C. 3109.03 (when a man and woman are married and living separate and apart from each other, or are divorced, questions as to the care of their children are properly before a court of competent jurisdiction and both are equally responsible for the care of their children); former R.C. 2111.08 (wife

---

1. Both *Pretzinger v. Pretzinger* (1887), 45 Ohio St. 452, 15 N.E. 471, and *McDaniel v. Rucker* (1948), 150 Ohio St. 261, 37 O.O. 495, 80 N.E.2d 849, have been partially overruled in *Meyer v. Meyer* (1985), 17 Ohio St.3d 222, 17 OBR 455, 478 N.E.2d 806. However, *Meyer* does not conflict with or affect today's holding. In *Meyer,* a majority of this court held in the syllabus that a custodial parent could not seek reimbursement for past child support expenses furnished by the custodial parent where no support order was made or requested at the time custody was awarded. In the case at bar, the appellant is not seeking past support but, rather, present support obligations of the appellee.

2. R.C. 3103.03 was amended effective April 11, 1991.

and husband are the joint natural guardians of their minor children and are equally responsible for their care).

Both common and statutory law in Ohio mandate that a parent provide sufficient support for his or her child. Indeed, the obligation of support follows the parent. The duty to provide support is not nullified by the mere fact that a foreign divorce decree and child custody order are silent with respect to support. Therefore, we find that a nonresident custodial parent has a right to pursue an action against the noncustodial parent for child support in a court of competent jurisdiction in this state when the noncustodial parent is a resident of Ohio and the parties' foreign divorce decree and child custody order do not address the issue of support.

Appellant urges that her "petition" (complaint)[3] to adopt the California decree, requesting a modification of child support payments, be treated as surplusage and suggests that her motion to increase child support be construed as a common-law complaint for support. The difficulty with appellant's suggestion is that there has not been a court-ordered award of child support. Obviously, without an award from a court, there can be nothing to increase or, for that matter, to modify.

It appears to us that what appellant sought in the trial court was, in actuality, an original judicial determination of appellee's child-support obligation. Thus, based on our findings, *supra,* we remand the cause to the trial court and allow appellant to make any and all necessary amendments pursuant to Civ.R. 15, and set forth a cognizable claim for child support against the appellee.

Accordingly, the judgment of the court of appeals is reversed and remanded.

*Judgment reversed*
*and cause remanded.*

SWEENEY and RESNICK, JJ., concur.

WRIGHT, J., concurs in the syllabus and judgment.

HOLMES, J., concurs in judgment only.

MOYER, C.J., and H. BROWN, J., dissent.

WRIGHT, J., concurring in syllabus and judgment. I agree that the court of common pleas has subject matter jurisdiction over this case, but write separately to stress that a domestic relations court should not exercise its

---

3. The original pleading is denominated a "complaint" rather than a "petition." See Civ.R. 7(A), which has replaced R.C. 2309.02.

jurisdiction if the court of another state has retained continuing jurisdiction over the parties pursuant to a divorce decree, custody determination, or support order. However, it appears from the record that the California court has agreed to have the Cuyahoga County Court of Common Pleas proceed in this matter, and that the probate court in Massachusetts never obtained personal jurisdiction over the defendant. Under these circumstances, the plaintiff can proceed with her action in Ohio.

HERBERT R. BROWN, J., dissenting. I agree that all parents have a duty to support their children. Common law in Ohio indeed allows a judicial determination of the child-support obligation of a noncustodial parent. Unfortunately, that issue is not before us.

Appellant brought a "petition to adopt a foreign decree for modification of child support." Child support in this case has been determined solely on the basis of a private agreement. No court in any state has issued a decree involving child support. Thus, it is impossible for any court in this state to adopt, let alone modify, a foreign decree that does not exist.

Liberal interpretation cannot transform appellant's "petition" into a complaint for a common-law action to establish appellee's child-support obligation. The case was properly dismissed, and we should affirm.

MOYER, C.J., concurs in the foregoing dissenting opinion.