**SWAYNE, Appellant,**

v.

**NEWMAN, Appellee.**

[Cite as *Swayne v. Newman* (1998), 131 Ohio App.3d 793.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 98CA2572.

Decided Dec. 30, 1998.

794

*Patricia R. Pekar,* for appellant.

*Lisa Newman, pro se.*

HARSHA, Judge.

Jeffrey Swayne, through the Scioto County Department of Human Services, appeals the dismissal of his URESA petition to establish a child support order against his former wife.

He assigns the following error:

"The trial court erred when it dismissed the URESA action to establish a support order, stating that the jurisdiction lies exclusively with the state of Kentucky because the original divorce action was in Kentucky and Appellant/Obligee and child still reside in Kentucky, regardless of the Appellee/Obligor's residence, as URESA was specifically promulgated to establish support in just such circumstances."

In 1986, appellant and appellee were divorced in Greenup, Kentucky. Appellee received custody of their only child, Joshua, and appellant was ordered to pay child support. In 1995, appellant and appellee entered into an "agreed order," which was filed in the Greenup Circuit Court. The order specifically provided that "there are no child support arrearages due and owing" and that "all child support payments by [appellant] to [appellee] shall cease." The order granted custody to the appellant, but is silent as to appellee's obligations to pay child support. In 1996, appellant initiated a proceeding in Ohio under R.C. Chapter 3115,[1] the Uniform Reciprocal Enforcement of Support Act ("URESA"), seeking to establish an order of child support. The Scioto County Court of Common Pleas ultimately found that it did not have jurisdiction to consider the URESA petition, and granted the appellee's motion to dismiss.

■ In his first assignment of error, appellant argues that the trial court erred when it determined that jurisdiction to establish a support order lies exclusively with Kentucky. We review the determination of subject-matter jurisdiction *de novo*, without any deference to the trial court's determination. *McClure v. McClure* (1997), 119 Ohio App.3d 76, 694 N.E.2d 515, citing *Burns v. Daily* (1996), 114 Ohio App.3d 693, 683 N.E.2d 1164.

■ This case requires us to decide whether an Ohio court has subject-matter jurisdiction under URESA to establish a support order when a Kentucky court's order changing custody of the child is silent on the issue of support to be paid to the parent receiving custody. We conclude that it does. First, we note that the agreed order did not set the amount of child support as "zero." If it had,

---

1. R.C. Chapter 3115 has since been completely revised.

appellant's petition would have asked the trial court to modify an existing support order. Ohio courts do not have subject-matter jurisdiction to modify support obligations set forth in initiating state's orders. See *McClure* at 80, 694 N.E.2d at 517–518, and cases cited therein.

The syllabus in *Haskins v. Bronzetti* (1992), 64 Ohio St.3d 202, 594 N.E.2d 582, provides:

■ "A nonresident custodial parent has a right to pursue an action for child support against the noncustodial parent in a court of competent jurisdiction in this state when the noncustodial parent is a resident of Ohio and the parties' foreign divorce decree and child custody order do not address the issue of support."

■ Absent express language to the contrary in the foreign order, a parent has an obligation to provide support for the issue of the marriage. *Linville v. Marshall* (Mar. 1, 1995), Hamilton App. No. C–940129, unreported, 1995 WL 84075. Ohio courts can suspend this obligation only upon clear and unambiguous language in a decree. *Id.* Furthermore, where a decree is silent as to support, URESA confers subject-matter jurisdiction to establish a support order. *Id.;* 2 Sowald & Morganstern, Domestic Relations Law (1997), 48–9, Section 23.19.

The trial court has subject-matter jurisdiction to establish a child support order because the agreed order was silent as to that issue. It may ultimately decide that no support is warranted, but that is a separate matter. Accordingly, we sustain appellant's only assignment of error and reverse the judgment of the trial court and remand the matter for further proceedings.

*Judgment reversed*
*and cause remanded.*

PETER B. ABELE and KLINE, JJ., concur.