SMITH, APPELLANT, *v.* SMITH, APPELLEE.

[Cite as *Smith v. Smith,* 109 Ohio St.3d 285, 2006-Ohio-2419.]

(No. 2004–1293—Submitted April 26, 2005—Decided May 31, 2006.)

PFEIFER, J.

{¶ 1} R.C. 3111.13(F)(3)(a), as amended effective October 27, 2000, provides that when a court issues an order requiring a parent to pay current child support, the court shall not require that parent to pay any amount for failure to pay such support before the order if "(i) [a]t the time of the initial filing of an action to determine the existence of the parent and child relationship with respect to that parent, the child was over three years of age," and "(ii) [p]rior to the initial filing of an action to determine the existence of the parent and child relationship with respect to that parent, the alleged father had no knowledge and had no reason to have knowledge of his alleged paternity of the child."

{¶ 2} We are asked to determine whether R.C. 3111.13(F)(3)(a) violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws, when applied to a judgment ordering payment of a child-support arrearage that existed prior to the statute's amendment. We hold that R.C. 3111.13(F)(3)(a) as applied to this case is unconstitutionally retroactive.

## I

{¶ 3} In December 1986, appellant, Matthew Smith, and appellee, Shirley Smith, engaged in a romantic relationship. Shortly after their relationship ended in early 1987, Shirley learned that she was pregnant, and subsequently gave birth on October 27, 1987. Though Shirley believed Matthew to be the father of her child, she did not notify him of the child's existence until the Hancock County Department of Human Services commenced paternity proceedings on Shirley's behalf almost ten years later. The juvenile court found that Matthew had not been prejudiced by the ten-year delay, even though it considered the delay unreasonable and unexplained. On October 6, 1998, the trial court issued a judgment declaring Matthew to be the biological father of the child. In December 1999, Matthew was ordered to pay current support of $338.94 per month and an arrearage of $44,960.09.

{¶ 4} Matthew filed a motion to extinguish the arrearage pursuant to amended R.C. 3111.13. In response, Shirley filed a complaint for declaratory relief, requesting the trial court to determine that R.C. 3111.13(F)(3) is unconstitutionally retroactive pursuant to Section 28, Article II of the Ohio Constitution. The trial court found the statute constitutional. Shirley appealed, and the court of appeals reversed, concluding that R.C. 3111.13(F)(3), as applied, violates Section 28, Article II of the Ohio Constitution.

{¶ 5} The cause is before this court upon the acceptance of a discretionary appeal.

## II

{¶ 6} "Section 28, Article II of the Ohio Constitution prohibits the General Assembly from passing retroactive laws and protects vested rights from new legislative encroachments. *Vogel v. Wells* (1991), 57 Ohio St.3d 91, 99, 566 N.E.2d 154, 162. The retroactivity clause nullifies those new laws that 'reach back and create new burdens, new duties, new obligations, or new liabilities not existing at the time [the statute becomes effective].' (Bracketed material sic.) *Miller v. Hixson* (1901), 64 Ohio St. 39, 51, 59 N.E. 749, 752." *Bielat v. Bielat* (2000), 87 Ohio St.3d 350, 352–353, 721 N.E.2d 28. To determine whether a law is unconstitutionally retroactive, we must first "determine whether the General Assembly expressly intended the statute to apply retroactively." Id. at 353, 721 N.E.2d 28. If so, we must determine whether "the statute is substantive, rendering it *unconstitutionally* retroactive, as opposed to merely remedial." (Emphasis sic.) Id. A substantive statute is one that "impairs vested rights, affects an accrued substantive right, or imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction." Id. at 354, 721 N.E.2d 28; *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 106–107, 522 N.E.2d 489. A statute that applies retroactively and that is substantive violates

Section 28, Article II of the Ohio Constitution. *Bielat,* 87 Ohio St.3d at 353, 721 N.E.2d 28.

{¶ 7} R.C. 3111.13(F)(3)(c) states:

{¶ 8} "A party is entitled to obtain modification of an existing order for arrearages under this division regardless of whether the judgment, court order, or administrative support order from which relief is sought was issued prior to, on, or after October 27, 2000."

{¶ 9} Because the General Assembly expressly stated that a party is entitled to a modification of a judgment issued "prior to" the effective date of the statute's amendment, it is unquestionable that the General Assembly intended this provision to apply retroactively. Therefore, we proceed to the second step of the retroactivity analysis, and examine whether R.C. 3111.13(F)(3)(a) is substantive.

{¶ 10} All parents have a duty to support their minor children. R.C. 3103.03(A); *Haskins v. Bronzetti* (1992), 64 Ohio St.3d 202, 203, 594 N.E.2d 582. See *Pretzinger v. Pretzinger* (1887), 45 Ohio St. 452, 458, 15 N.E. 471 ("The duty of the father to provide reasonably for the maintenance of his minor children, if he be of ability, is a principle of natural law"). The " 'wants and weaknesses of children render it necessary that some person maintains them, and the voice of nature has pointed out the parent as the most fit and proper person.' " Id., quoting 2 Com. 189. "[C]ommon and statutory law in Ohio mandate that a parent provide sufficient support for his or her child." *Haskins,* 64 Ohio St.3d at 205, 594 N.E.2d 582; *State ex rel. Wright v. Indus. Comm.* (1943), 141 Ohio St. 187, 25 O.O. 277, 47 N.E.2d 209, paragraph one of the syllabus; R.C. 3103.03(A).

{¶ 11} Matthew's duty to support his child is manifest at common law and in statutory law. Moreover, and of the utmost significance to this case, Matthew's duty to pay the child-support arrearage is memorialized by a court order that was issued prior to the amendment of R.C. 3111.13(F)(3)(a). We cannot but conclude that Shirley has a vested right in that court order. Any statute that impairs Shirley's vested right is substantive. See *Bielat,* 87 Ohio St.3d at 354, 721 N.E.2d 28; *Van Fossen,* 36 Ohio St.3d at 106–107, 522 N.E.2d 489. We hold, therefore, that R.C. 3111.13(F)(3), as applied to this case, is unconstitutional because it would retroactively vacate the court order requiring Matthew to pay the arrearage in child support.

Judgment affirmed.

MOYER, C.J., RESNICK and O'CONNOR, JJ., concur.

LUNDBERG STRATTON, O'DONNELL and LANZINGER, JJ., dissent.

———————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 12} I respectfully dissent from the majority's conclusion that R.C. 3111.13(F) is unconstitutional.

{¶ 13} Courts begin with the well-settled principle that "[a] regularly enacted statute of Ohio is presumed to be constitutional and is therefore entitled to the benefit of every presumption in favor of its constitutionality." *State ex rel. Dickman v. Defenbacher* (1955), 164 Ohio St. 142, 147, 57 O.O. 134, 128 N.E.2d 59. The presumption can be overcome only by evidence establishing beyond a reasonable doubt that the legislation and the Constitution are incompatible. *Xenia v. Schmidt* (1920), 101 Ohio St. 437, 445, 130 N.E. 24.

{¶ 14} R.C. 3111.13(F)(3)(a) provides:

{¶ 15} "A court shall not require a parent to pay an amount for that parent's failure to support a child prior to the date the court issues an order requiring that parent to pay an amount for the current support of that child or to pay all or any part of the reasonable expenses of the mother's pregnancy and confinement, if both of the following apply:

{¶ 16} "(i) At the time of the initial filing of an action to determine the existence of the parent and child relationship with respect to that parent, the child was over three years of age.

{¶ 17} "(ii) Prior to the initial filing of an action to determine the existence of the parent and child relationship with respect to that parent, the alleged father had no knowledge and had no reason to have knowledge of his alleged paternity of the child."

{¶ 18} The majority holds that Shirley Smith has a vested right in the judgment, which ordered Matthew Smith to pay her an arrearage of child support, and that applying R.C. 3111.13(F)(3)(a) destroyed that vested right. In part, the majority reasons that the policies that support compelling payment of current child support also support compelling payment of an arrearage of support. While arrearages are part and parcel of child support, the rationale justifying recovery of an arrearage is more akin to the rationale justifying collection of a debt. It is meant to repay the custodial parent for expenses that should have been paid by the obligor. Thus, the policy requiring payment of support, i.e., that children cannot support themselves, does not extend to compelling the payment of arrearages of support.

{¶ 19} "[T]his court has long adhered to the accepted theory that its ban against retroactive legislation is applicable solely to substantive, as opposed to remedial, laws." *Gregory v. Flowers* (1972), 32 Ohio St.2d 48, 52–53, 61 O.O.2d 295, 290 N.E.2d 181; see, also, *Bielat v. Bielat* (2000), 87 Ohio St.3d 350, 353, 721 N.E.2d 28. "A statute is 'substantive' if it impairs or takes away vested rights, affects an accrued substantive right, imposes new or additional burdens, duties,

obligations, or liabilities as to a past transaction, or creates a new right." *State v. Cook* (1998), 83 Ohio St.3d 404, 411, 700 N.E.2d 570, citing *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 107, 522 N.E.2d 489. "Conversely, remedial laws are those affecting only the remedy provided, and include laws that merely substitute a new or more appropriate remedy for the enforcement of an existing right." Id.

{¶ 20} A "vested right" is a right that " 'so completely and definitely belongs to a person that it cannot be impaired or taken away without that person's consent.' " *Harden v. Ohio Atty. Gen.*, 101 Ohio St.3d 137, 2004-Ohio-382, 802 N.E.2d 1112, ¶ 9, quoting Black's Law Dictionary (7th Ed.1999) 1324. "A right is not regarded as vested in the constitutional sense unless it amounts to something more than a mere expectation or interest based upon an anticipated continuance of existing law." *In re Emery* (1978), 59 Ohio App.2d 7, 11, 13 O.O.3d 44, 391 N.E.2d 746, citing *Moore v. Bur. of Unemp. Comp.* (1943), 73 Ohio App. 362, 29 O.O. 75, 56 N.E.2d 520. "A right, not absolute but dependent for its existence upon the action or inaction of another, is not basic or vested." *Emery,* citing *Hatch v. Tipton* (1936), 131 Ohio St. 364, 6 O.O. 68, 2 N.E.2d 875.

{¶ 21} A judgment usually creates a vested right. See, e.g., *Wright v. Cincinnati Ins. Co.*, 159 Ohio App.3d 154, 2004-Ohio-5932, 823 N.E.2d 465, ¶ 31. However, child-support orders are distinguishable to the extent that courts have continuing jurisdiction to modify such support orders, including the authority to order a reduction of support. See *Jefferies v. Stanzak* (1999), 135 Ohio App.3d 176, 181, 733 N.E.2d 305, citing *Stimburys v. Stimburys* (Jan. 21, 1993), Cuyahoga App. No. 63428, 1993 WL 12303; *Pearson v. Pearson* (Jan. 18, 1991), Erie App. No. E–90–12, 1991 WL 3814. Further, under R.C. 3111.16, a "court has *continuing jurisdiction* to *modify* or *revoke* a judgment or order issued under sections 3111.01 to 3111.18 of the Revised Code [in a parentage action] to provide for future education and support and a judgment or order issued with respect to matters listed in divisions (C) and (D) of section 3111.13," which deal with child support.

{¶ 22} Therefore, because child-support orders are subject to modification, unlike a judgment in a typical civil case, for the limited purpose of the constitutional analysis herein, I believe that a judgment ordering payment of an arrearage of child support is not a vested right.

{¶ 23} I also believe that R.C. 3111.13(F)(3) does not create any new right, impose any new duty, or attach any new disability with respect to past transactions. *State v. Cook* (1998), 83 Ohio St.3d 404, 410–411, 700 N.E.2d 570. Rather, it addresses the method and procedure for collecting an arrearage, which is typically defined as remedial legislation. Id. Remedies have to do with the methods and procedure by which rights are recognized, protected, and enforced,

not with the rights themselves. Thus, " 'there is no constitutional inhibition in the state of Ohio against the enactment of laws relating to the remedy and against making them applicable to pending actions and existing causes of action.' " *Gregory v. Flowers* (1972), 32 Ohio St.2d 48, 54, 61 O.O.2d 295, 290 N.E.2d 181, quoting *Smith v. New York Cent. RR. Co.* (1930), 122 Ohio St. 45, 49, 170 N.E. 637. The General Assembly has determined, as a matter of public policy, that a father who was unaware and had no reason to be aware of the existence of a child should not be compelled to pay arrearages for that child. The General Assembly has determined that approach is the best method or procedure for collection of an arrearage of support.

{¶ 24} Because I believe that an arrearage of child support is not a vested right, and because I believe that R.C. 3111.13(F)(3) is remedial, I would hold that applying R.C. 3111.13(F)(3)(a) to an arrearage of child support is not unconstitutionally retroactive. Accordingly, I respectfully dissent.

O'DONNELL and LANZINGER, JJ., concur in the foregoing dissenting opinion.

---

Steven M. Powell Co., L.P.A., and Steven M. Powell, for appellee.

John C. Filkins III, for appellant.