{¶ 19} I do not agree with the majority's conclusion that the facts presented herein warrant the application of laches. Accordingly, I respectfully dissent.
 {¶ 20} While the majority attempts to distinguish Goff v. Walters
(Oct. 28, 1998), 9th Dist. No. 18981, I find it persuasive. In the instant matter, Father was aware of his child and chose not to be involved in the child's life. The same is true of the father inWalters. In Walters, the father knew of his child and even offered sporadic payments of support. The father then argued that he was materially prejudiced because he had "lost the opportunity to visit with [his daughter] during her formative years and that he has incurred additional financial obligations in reliance on [Mother's] failure to pursue her claims for support." Id. at *2. In rejecting this argument, this Court noted:
 "[Father] had ample opportunity to request visitation or set aside money for [his daughter's] support on his own initiative. As a result, any actual prejudice arising herein is just as easily attributed to [Father's] inaction." Id. at fn. 1.
 {¶ 21} In refusing to follow our precedent in Walters, the majority finds that Father's inaction is excused because he followed the wishes of Mother. While *Page 12 
I agree with the majority that Father may have been faced with a difficult decision, I cannot agree that his decision can later be used to reject the payment of support. Like Father, Mother was faced with a difficult decision. If she sought to have Father included in the child's life, she would have lost the financial and emotional support her family offered. Moreover, this fact supports a finding that Mother had not voluntarily waived her right to child support. See Walters, supra (noting that the delay in seeking support "reveals [Mother's] understandable reluctance to take a man to court who once threatened to quit his job if she attempted to obtain support for [her daughter]").
 {¶ 22} Moreover, Ohio courts have repeatedly stated the strong public policy in this State related to child support.
 "All parents have a duty to support their minor children. (The duty of the father to provide reasonably for the maintenance of his minor children, if he be of ability, is a principle of natural law.) The wants and weaknesses of children render it necessary that some person maintains them, and the voice of nature has pointed out the parent as the most fit and proper person. Common and statutory law in Ohio mandate that a parent provide sufficient support for his or her child." (Internal citations and quotations omitted.) Smith v. Smith, 109 Ohio St.3d 285, 2006-Ohio-2419, at ¶ 10.
Consequently, I cannot agree with the majority's conclusion that equity weighs in favor of Father. Rather, I would find that public policy and our holding in Walters compel a conclusion that Father has not established material prejudice and that his laches defense must fail. I would, therefore, reverse the trial court's decision. *Page 1