Brown, C.J.,
concurring in part and dissenting in part.
{¶ 34} I agree with the majority that R.C. Chapter 124, R.C. 3319.391, and Ohio Adm.Code 3301-20-01 do not violate the Contract Clause, Section 28, Article II of the Ohio Constitution. However, I would hold that R.C. 3319.391 violates the prohibition against retroactive laws in Section 28, Article II of the Ohio Constitution.
{¶ 35} Today the majority holds that a long-term school-district employee — a person who has successfully turned his life around and has not been in trouble for over 30 years — can be summarily fired based upon a new law that looks back to conduct that occurred prior to his employment. Contrary to the majority’s assertions, Doe’s vested right to continued public employment provided him with constitutional rights, which should not be summarily denied.
{¶ 36} Therefore, I respectfully dissent from the majority’s holding that R.C. 3319.391 does not violate the prohibition against retroactive laws.
Facts
{¶ 37} According to the order certifying the questions to this court, Doe was convicted 34 years ago for drug trafficking and spent three years in jail. That conviction was expunged in 1997.
{¶ 38} Doe obtained a bachelor’s degree in 1983 and became a licensed social worker and certified chemical-dependency counselor. The federal court that is *198 hearing this case found that Doe “has been a model citizen since being released from jail.”
{¶ 39} Beginning in 1997, Doe spent five years working for the school district as a drug-free-school specialist. Doe has since worked in an administrative capacity as a hearing officer.
{¶ 40} R.C. 3319.391 was enacted, effective November 14, 2007, to expand the categories of school-district employees who were required to undergo criminal background checks. 2007 Sub.H.B. No. 190. Doe was among the employees who were newly subject to background checks.
{¶ 41} However, the statute provided that any employee whose background check revealed crimes requiring termination could avoid termination if that person met rehabilitation standards adopted by the Department of Education. R.C. 3319.391(C). Doe’s 1976 conviction made him subject to termination, and under the then-existing regulations, the drug offense was a nonrehabilitative offense. Former Ohio Adm.Code 3301-20-01(E)(1)(c) and (A)(11), 2005-2006 Ohio Monthly Record 1261, eff. Sept. 23, 2005.
{¶ 42} In July 2008, Doe signed a new employment contract with the school district; the contract stated that Doe’s employment was “subject to confirmation of appropriate state certification.” In November 2008, the school district informed Doe that a background check had revealed his former felony and that his employment was terminated.
{¶ 43} Subsequently, the Department of Education passed regulations that would have permitted Doe to retain employment by demonstrating rehabilitation. Ohio Adm.Code 3301-20-03 (eff. Aug. 27, 2009). Had this regulation been in effect in November 2008, it is unlikely that Doe would have been fired.
{¶ 44} Doe’s termination was incongruous in that had the General Assembly not passed R.C. 3319.391, Doe would not have been fired, and had the Department of Education more quickly promulgated its rule regarding rehabilitation (Ohio Adm.Code 3301-20-03), Doe would not have been fired. As noted by the federal court, Doe is a model citizen, a person who turned his life around in a remarkable and exemplary way. His life and experiences made him uniquely qualified for his service to the school district. Yet because his background check occurred during the gap between November 2007 (when R.C. 3319.391 was enacted) and August 2009 (when the Department of Education finally promulgated the rule that would allow rehabilitation for Doe’s offense), Doe was terminated.
{¶ 45} Doe filed suit in state court, alleging breach of contract and violation of constitutional rights. The school district removed the case to federal court. The federal court certified questions of state law to this court concerning the *199 constitutionality of certain state laws in effect at the time of Doe’s termination. We accepted the questions.
Law and Analysis
{¶ 46} For the majority, the analysis of whether R.C. 3319.391 violates the prohibition against retroactive laws begins and ends with Doe’s 2008 employment contract. According to the majority, Doe did not have a vested right to employment, because his 2008 contract was contingent on “ ‘confirmation of appropriate state certification.’ ” Majority opinion at ¶ 18, quoting the employment contract.
{¶ 47} In order to reach this result, the majority equates passing the criminal background check required by R.C. 3319.391 with “confirmation of appropriate state certification” under Doe’s employment contract. The majority springboards from this proposition to the holding that Doe did not meet the “condition precedent” in his employment contract and therefore had no “vested right” to continued employment. Without such a right, the majority concludes, the law is not unconstitutionally retroactive.
{¶ 48} I disagree with the majority’s conclusion that the contract makes Doe’s employment conditional on a background check. The contract does not clearly and unambiguously say that Doe would be subject to a background check and that he could be fired based on the result. It says instead that his employment is “subject to confirmation of appropriate state certification.” The phrase “state certification” is ambiguous. In the context of a school-district employment contract, “certification” could as easily mean “licensed,” since certain school-district jobs require licenses. See R.C. 3319.22, describing “educator licenses.”
{¶ 49} Thus, the contract is ambiguous, at best, with regard to whether passing a criminal background check equates to “confirmation of appropriate state certification.” In contracts, we construe ambiguities against the proponent of the instrument. Monnett v. Monnett (1888), 46 Ohio St. 30, 34-35, 17 N.E. 659. “Any ambiguities in the document setting forth the rights and responsibilities of each party must be construed against the drafter of the document. Otherwise the nondrafter of the document may ultimately forfeit far more than he or she reasonably contemplated at the time the agreement was signed.” Fletcher v. Fletcher (1994), 68 Ohio St.3d 464, 471, 628 N.E.2d 1343 (Resnick, J., dissenting).
{¶ 50} In light of the ambiguity, the court should not deprive Doe of his vested right to continued employment. Instead, the court should hold the ambiguity against the contract’s proponent — the school district — and hold that the clause does not mean that the employee must pass a criminal background check.
{¶ 51} The majority next asserts that Doe’s satisfying R.C. 3319.391 was an implied term of the employment contract because the statute was in effect before *200 the contract was executed. In other words, the majority holds that Doe loses the ability to raise his otherwise viable constitutional right based upon terms of the contract that were added to the contract by this court by implication.
{¶ 52} I cannot agree to so casually dispose of Doe’s constitutional claims through the use of a legal artifice (contract terms implied in law).
{¶ 53} This is not a proper use of the court’s ability to supply implied contractual terms. The court should imply terms to prevent injustice and to conform the contract to the parties’ actual intent, but not to deprive a person of his ability to enforce his constitutional rights. This is particularly true when, as here, the terms being implied are from a newly passed law and would significantly alter the contractual relationship between the parties. Accordingly, I would not find that Doe’s satisfying R.C. 3319.391 was an implied term of his contract.
{¶ 54} The majority also states that R.C. 3319.391 is not retroactive because it does not go back in time and terminate Doe from the date of his initial hire or deprive him of pay and benefits that he previously acquired. But these facts are irrelevant.
{¶ 55} What is relevant is that the new law required Doe’s termination from employment based on his past conduct. We have held that laws are unconstitutionally retroactive when they impair a vested right based upon prior conduct. Smith v. Smith, 109 Ohio St.3d 285, 2006-Ohio-2419, 847 N.E.2d 414, ¶ 6. The principle is that a law cannot add new burdens to rights that are presently lawfully enjoyed, based upon events that occurred in the past. R.C. 3319.391 is such a statute.
{¶ 56} R.C. 3319.391 applies retroactively by its own terms. The statute applies to new and current employees alike and instructs that an employee whose background check discloses a proscribed felony “shall be released from employment.” R.C. 3319.391(C).
{¶ 57} Our caselaw establishes that public employees, like Doe, have a vested right to continued employment. Ohio Assn. of Pub. School Emps., AFSCME, AFL-CIO v. Lakewood City School Dist. Bd. of Edn. (1994), 68 Ohio St.3d 175, 176, 624 N.E.2d 1043. And where, as here, that vested right is impaired by a new law requiring the employee’s termination based on the employee’s prior conduct, the law is unconstitutionally retroactive.
Conclusion
{¶ 58} For the foregoing reasons, I would hold that R.C. 3319.391 violated the constitutional prohibition against retroactive laws. Accordingly, I dissent from *201 the majority’s holding that R.C. 3319.391 does not violate the prohibition against retroactive laws.
Dinsmore & Shohl, L.L.P., Christopher R. McDowell, Kimberly Beck, and Sarah Sparks Herron, for petitioner.
Taft, Stettinius & Hollister, L.L.P., Mark J. Stepaniak, and Daniel J. Hoying, for respondents Mary Ronan and Cincinnati Public Schools.
Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, David M. Lieberman, Deputy Solicitor, Mia T. Meucci, Assistant Solicitor, and Amy Nash Golian and Todd R. Marti, Assistant Attorneys General, for respondent Ohio Department of Education.
Carrie L. Davis, in support of petitioner for amicus curiae American Civil Liberties Union of Ohio Foundation, Inc.
Christina M. Royer, Ltd., and Christina M. Royer; and Cynthia McGrae, in support of petitioner for amici curiae Ohio Employment Lawyers Association, Legal Aid Society of Cleveland, and Towards Employment, Inc.
Pfeifer, J., concurs in the foregoing opinion.