HANNAS, Appellant,

v.

HANNAS, Appellee.

[Cite as *Hannas v. Hannas* (1997), 123 Ohio App.3d 378.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 96–T–5573.

Decided Sept. 29, 1997.

*Christine B. Legow*, for appellant.

*Douglas G. Hannas, pro se.*

WILLIAM M. O'NEILL, Judge.

This is an accelerated calendar case submitted to this court on the brief of appellant, Kelley J. Hannas. This is an appeal from a decision of the Trumbull County Common Pleas Court, Domestic Relations Division overruling appellant's objections to a magistrate's decision.

Appellee, Douglas G. Hannas, and appellant were divorced in November 1986. Appellant was awarded custody of the parties' two minor children, and appellee was ordered to pay child support. On January 5, 1995, appellee was awarded custody of one of the children. On October 31, 1995, appellee filed a motion for emergency *ex parte* custody of the other child. The trial court granted appellee's motion on the same day. On November 7, 1995, appellant filed a motion to modify and vacate the temporary custody order. On January 4, 1996, the trial court awarded appellee full legal custody of the second child, thereby giving him custody of both children. The trial court also determined that appellee had overpaid child support and was entitled to reimbursement from appellant.

On June 13, 1996, appellant filed a motion to temporarily suspend her repayment of child support to appellee due to a drastic change of circumstances. Appellant alleged that she was unemployed and pregnant and had been advised by her doctor not to work. On August 30, 1996, a hearing was held before a magistrate. In a report, the magistrate granted appellant's motion to suspend her repayment of child support of $906.21 until she was employed and, additionally, ordered appellant to pay child support of $100 per month plus poundage, with arrears to accumulate retroactive to November 1, 1995.

Appellant timely filed objections to the magistrate's report and attached an affidavit of evidence that was heard by the magistrate. On September 20, 1996, the trial court overruled appellant's objections and entered a final judgment which adopted the magistrate's decision.

Appellant timely filed a notice of appeal and has set forth two assignments of error. In the first assignment of error, appellant contends that the trial court erred in issuing a retroactive order for child support where no support order had been issued at the time custody was awarded to appellee and no motion seeking support was pending before the court. We agree.

The Supreme Court of Ohio has held:

"A custodial parent is not entitled to reimbursement for child support from the non-custodial parent where no support order is made or requested at the time custody is awarded. (*Pretzinger v. Pretzinger* [1887], 45 Ohio St. 452 [15 N.E. 471], and *McDaniel v. Rucker* [1948], 150 Ohio St. 261 [37 O.O. 495, 80 N.E.2d 849], overruled to the extent inconsistent herewith.)" *Meyer v. Meyer* (1985), 17

Ohio St.3d 222, 17 OBR 455, 478 N.E.2d 806, at syllabus. See, also, *Spurlock v. Spurlock* (Dec. 15, 1995), Ashtabula App. No. 94–A–0026, unreported, at 5–6, 1995 WL 869966; *Stark v. Stark* (Jun. 30, 1994), Ashtabula App. No. 93–A–1819, at 7, 1994 WL 321679.

In the case *sub judice,* no support order had been requested by appellee or made by the trial court at the time that custody changed. Accordingly, appellee is not entitled to receive child support retroactive to the time that he became the custodial parent. Hence, the trial court erred in ordering retroactive child support. Appellant's first assignment of error is sustained.

In the second assignment of error, appellant asserts that the trial court erred in awarding child support to appellee as of August 30, 1996, since appellee had not filed a motion for child support or given notice that he was seeking support. Once again, we agree.

R.C. 3113.215(B)(5) states:

"When a court computes the amount of child support required to be paid under a child support order or a child support enforcement agency computes the amount of child support to be paid pursuant to an administrative child support order issued pursuant to section 3111.20, 3111.21, or 3111.22 of the Revised Code, all of the following apply:

"(a) The parents shall verify current and past income and personal earnings with suitable documents, including, but not limited to, paystubs, employer statements, receipts and expense vouchers related to self-generated income, tax returns, and all supporting documentation and schedules for the tax returns."

Thus, it is clear that a parent needs to prepare his or her case in anticipation of a child support hearing. Since appellee failed to file a motion to modify or establish child support, appellant was denied her due process rights because she was not put on notice that child support was an issue at the August 30, 1996 hearing. She was, therefore, precluded from preparing her case and providing the court with records as to her income, or lack thereof.

Based upon the foregoing analysis, the trial court erred by awarding child support to appellee. Appellant's second assignment of error is sustained.

The judgment of the trial court is reversed and the matter remanded for further proceedings consistent with this opinion. Costs are assessed to appellee.

*Judgment reversed
and cause remanded.*

CHRISTLEY, P.J., and NADER, J., concur.