OPINION
Appellant, Stanley Zajac, appeals the judgment entry of the Geauga County Court of Common Pleas, Juvenile Division, ordering him to pay retroactive child support to appellee, Carolyn Donovan.
In 1977, appellant and appellee engaged in a sexual encounter in which appellee became pregnant. Appellee informed appellant that she was "expecting" sometime prior to the birth of their child, Harmony. Harmony was born on October 25, 1977. In late 1977 or early 1978, appellee filed a paternity complaint alleging that appellant was the father of Harmony. In 1978, the paternity complaint was dismissed for failure to prosecute. From 1978 to 1992, appellee made little, if any, attempts to find appellant.
In 1992, appellee applied to the Cuyahoga County Child Support Enforcement Agency for assistance in establishing an order for child support. No order was achieved from that effort. In 1995, appellee located appellant, who was then living in Seven Hills, Ohio. On September 25, 1995, appellee and the Geauga County Child Support Enforcement Agency filed a complaint in the trial court, requesting that the court enter a judgment establishing a parent-child relationship between appellant and Harmony, ordering appellant to pay appellee's costs of childbirth, and ordering appellant to pay child support from the date of Harmony's birth. Importantly, Harmony reached the age of majority on October 25, 1995.
In a judgment entry filed on June 10, 1996, the trial court found that appellee and appellant had stipulated that appellant was Harmony's father. In an August 7, 1996 judgment entry, the lower court determined that appellant owed child support in the amount of $75,524.06, to be paid equally to appellee and Harmony. Appellant then timely filed an appeal from the order with this Court.
In State ex rel. Donovan v. Zajac (Dec. 31, 1997), Geauga App. No. 96-G-2006, unreported, this Court issued a judgment entry concerning the appeal of the trial court's August 7, 1996 judgment entry. In that opinion, as it relates to the instant appeal, we held that appellee's claim for child support was not barred by the doctrine of laches and that child support should be awarded solely to appellee, not to appellee and Harmony. Id. at 8, 11. Furthermore, we held that the trial court incorrectly calculated the amount of child support because it ordered support for the portion of the year prior to Harmony's birth and used the Child Support Guidelines promulgated in 1987 in determining the amount of support to be paid from 1977 to 1986. Id. at 14. Consequently, we reversed and remanded the matter to the trial court for a proper calculation of appellant's child support obligation from 1977 to 1986 by using the "commonly accepted techniques" for determining child support in Geauga County during each of those years. Id. Finally, we held that appellant's child support obligation must be ordered to be paid over a reasonable period of time that must not be less than three years. Id. at 15.
On remand, the trial court instituted the necessary proceedings and issued a judgment entry dated October 26, 1998, in which it found that the parties stipulated that child support should be calculated in the amount of $25 per week from 1977 to 1986, totaling $11,941.93. The court further found that the total support obligation from January 1, 1987 to December 31, 1994 totaled $38,901.28 and $3,607.42 for 1995. Thus, child support was assessed against appellant in the amount of $54,450.63. The trial court also determined that it was reasonable to require appellant to pay his back child support at a rate of $200 per month plus two percent poundage. Under the trial court's payment plan, it would take appellant over twenty-two and one-half years to pay appellee the full amount owed.
Appellant now timely appeals the judgment entry of the trial court, raising the following error:
 "The trial court erred to the prejudice of defendant-appellant in rejecting his due process argument on its merits, and as being outside the scope of the trial court's review on appeal, then retroactively calculating his back due child support obligation as totaling $54,450.63 per the retroactively applied child support guidelines (in part), payable at the rate of $200 per month, when the defendant-appellant was on sick leave, with a wife and three minor children to support."
 In this assignment of error, appellant avers that the trial court erred in failing to permit him to amend and supplement his pleadings pursuant to Civ.R. 15(A) and (E) in regard to the issue of retroactive child support. Appellant additionally argues that the trial court erred in retroactively ordering child support. Finally, appellant contends that the trial court committed an abuse of discretion in ordering him to pay child support in the amount of $200 per month plus two percent poundage, since he has been on sick leave from his employment and was receiving $1,019 per month in benefits while incurring monthly expenses totaling $2,444 to support his wife and three minor children.
Regarding the first claim, appellant states that he filed a motion to amend and supplement his pleadings pursuant to Civ.R. 15(A) and (E) once this Court remanded the case to the trial court concerning the issue of recalculating his retroactive child support obligation. In that motion, appellant intended to have his pleadings altered to reflect arguments that ordering retroactive child support was impermissible under Ohio law.
Civ.R. 15(A) states that a party may amend his pleadings any time before a responsive pleading is served or if no responsive pleading is permitted and the action has not been placed on the trial calendar, then the party may amend his pleading at any time within twenty-eight days after it was served. Otherwise, a party may amend his pleading only by leave of court or written consent of the adverse party. Civ.R. 15(A). Amendment by leave of court shall be freely given when justice so requires. Civ.R. 15(A). Under Civ.R. 15(E), a party may file a motion with the trial court to permit him to serve a supplemental pleading upon reasonable notice and terms that are just, in order to inform the court of transactions or occurrences or events that have happened since the date of the previous pleading.
In this matter, pursuant to Civ.R. 15(A), appellant could amend his pleading only by leave of court or written consent of the party since appellee's responsive pleading had already been filed prior to the first appeal to this court and because the action had already been tried in the lower court. As no written consent was provided by appellee, appellant only could amend his pleading by leave of court. Although leave to amend should be granted freely when justice so requires, the situation here does not mandate the permission to amend because this Court ordered the lower court to recalculate child support retroactively from his child's birth, which was the law of the case from the initial reversal and remand in this matter; and remains so through this present appeal. Consequently, there was no need for the trial court to take into consideration any amended pleading advancing argumentation against the propriety of ordering child support retroactively on remand. Therefore, appellant's Civ.R. 15(A) claim fails. Appellant's Civ.R. 15(E) claim also fails due to this Court's clear order for the trial court to calculate child support from the date of birth. Accordingly, appellant's first claim is not well-taken.
In his second claim, appellant posits that under Hannas v.Hannas (1997), 123 Ohio App.3d 378, a court is precluded from issuing a retroactive order for child support when no order was issued at the time custody was awarded to the custodial parent. Therefore, appellant claims that child support cannot be assessed against him retroactively. Appellant also contends that the award of child support for the years prior to 1987 was in error because the Child Support Guidelines were not in effect until 1987.
Appellant's emphasis on our previous opinion in Hannas is misplaced. Hannas only applies to child support in the context of a child custody dispute, not to child support in a parentage context. Hannas, 123 Ohio App.3d at 379. In a parentage action, Ohio appellate courts have held that a trial court may order the payment of child support retroactive to the time of the child's birth, provided that the action for parentage is brought within five years after the child has reached the age of majority. Beachv. Poole (1996), 111 Ohio App.3d 710, 712; see, also, Seegert v.Zietlow (1994), 95 Ohio App.3d 451, 460, 462; Burns v. Burns (Aug. 16, 1996), Geauga App. Nos. 93-G-1830 and 1831, unreported, at 3-4, 14.
In the case sub judice, appellee filed a paternity action in order to have appellant declared the biological father of their daughter Harmony and to obtain child support from her date of birth. Appellant stipulated before the trial court that Harmony was his child. Moreover, appellee instituted this parentage action on September 25, 1995, which was one month before Harmony attained the age of majority. Thus, the action was filed within five years after Harmony had reached the age of majority.
Moreover, appellant's argument that the trial court erred in awarding retroactive child support is precluded by res judicata. Under the doctrine of res judicata, appellant was required to present every ground for relief in the first appeal or be forever barred from asserting it. Natl. Amusements, Inc. v. Springdale
(1990), 53 Ohio St.3d 60, 62. Accordingly, as appellant's claim against the retroactivity of child support could have been raised in the first appeal to this Court, he is barred from now raising it in this appeal. Therefore, the trial court did not err in awarding child support retroactive to the date of Harmony birth on October 25, 1977.
Additionally, contrary to appellant's assertions, the trial court did not utilize the Child Support Guidelines on remand in arriving at the amount of child support due for the period of 1977 through 1986. This Court previously ordered the trial court to calculate child support in accord with the customs used in Geauga County for each applicable year before 1987. Importantly, both parties stipulated that $25 per week was an appropriate amount of child support for the period in question. At the rate of $25 per week from October 25, 1977 until January 1, 1987, child support would total $11,941.93. This represents the amount of child support actually awarded by the lower court in its judgment entry. Therefore, appellant's second claim is meritless.
In appellant's third claim, he avers that the trial court abused its discretion in ordering him to pay the back child support at the rate of $200 per month plus two percent poundage since he was on sick leave. Appellant states that during the time that he was on sick leave, which began on May 18, 1998, he received only $1,019 per month in benefits, but had monthly expenses totaling $2,444 for himself, his wife, and his three children. Appellant believes that child support, if ordered, should be set at a lower monthly payment to accommodate his situation.
The standard to be applied in addressing an abuse of discretion argument was set forth in AAAA Enterprises, Inc. v.River Place Community Urban Redevelopment Corp. (1990), 50 Ohio St.3d 157,161, which states:
 "`Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable. * * * It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary."
 In Zietlow, the Eighth District Court of Appeals addressed a similar argument. In that case, the appellant also argued that the child support award was excessive and beyond his ability to pay. The court held that "in determining the amount of child support owed, the obligor's disposable income or disposable earnings are not a consideration," because a "parent's natural duty to support his children is paramount to various `pre-established expenses.'" Zietlow, 95 Ohio App.3d at 465. In Dunson v. Aldrich (1988), 54 Ohio App.3d 137, 144-145, the Tenth District Court of Appeals noted that under the child support guidelines promulgated in 1987, a party's gross income, not his or her disposable income, was the only income to be used in calculating child support.
In this matter, the trial court was directed to establish a back child support payment schedule lasting at least three years. Providing that appellant makes payments of only $200 per month, it will take at least twenty-two and one-half years to pay the arrearages of $54,450.63. Finally, assuming that the monthly payment order was potentially too excessive based on the facts asserted by appellant, there is no documentation of his alleged financial situation in the record.
However, in revisiting the time period that it would take appellant to complete payment of the child support due, we conclude that allowing appellant twenty-two and one-half years to pay his debt is excessive and constitutes an abuse of discretion. Thus, we concur with the portion of the trial court's order concerning the total amount of back child support award to be paid by appellant to appellee in the sum of $54,450.63. We also affirm, in part, that segment of the trial court's order which indicates that appellant may honor his support obligation by paying no less than $200 per month for a period of time commencing on November 1, 1998. However, we modify the trial court's order with respect to the length of time in which appellant shall liquidate the balance of support owed by ordering that he shall pay the remainder of the support owing, if any, no later than ten years from November 1, 1998.
For the foregoing reasons, appellant's assignment of error is without merit and the judgment of the Geauga County Court of Common Pleas, Juvenile Division, is modified as previously stated and, thus, affirmed as modified.
 ______________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., concurs in judgment only, O'NEILL, J., dissents.