JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Darren Redding ("Redding") appeals the trial court's denial of his motion to continue the sentencing hearing and his sentence. Redding argues the trial court erred when it did not continue his sentence and his sentence is contrary to law. For the following reasons, we affirm the decision of the trial court. *Page 3 
 {¶ 2} On January 24, 2006 at 4:30 a.m., Redding and victim Angelo Crenshaw ("Crenshaw") were at a Marathon Station on Miles Road in Cleveland, Ohio. While at the station, Redding and Crenshaw had an altercation while proceeding to their vehicles after exiting the Marathon station. During the fight, Redding struck Crenshaw over the head with his gun and fired five shots from a handgun he was carrying. Three bullets struck Crenshaw; one bullet struck Crenshaw's vehicle, missing Crenshaw's father who was a passenger; and the fifth bullet was never recovered. As a result of his injuries, Crenshaw underwent at least two surgeries.
 {¶ 3} On February 12, 2006, Cleveland Police Officers observed Redding driving through a red light and activated their audible police signal. Redding ignored the siren and attempted to flee the scene in his vehicle. A police chase ensued until Redding stopped the vehicle and attempted to flee on foot. The police officers were able to apprehend Redding and discovered he was carrying a loaded gun. The State of Ohio ("State") later argued that the firearm collected on February 12, 2006 was the same firearm used on January 24, 2006 at the Marathon station.
 {¶ 4} On March 17, 2006, a Cuyahoga County Grand Jury returned two separate indictments related to Redding's activities on January 24, 2006 and February 12, 2006. In case number CR-478394, the indictment charged Redding with two counts of felonious assault with a firearm specification, one count of attempted murder with a firearm specification, and one count of having a weapon *Page 4 
while under disability. In case number CR-478393, the indictment charged Redding with one count of failure to comply, one count of carrying a concealed weapon, one count of having a weapon while under disability, and one count of receiving stolen property.
 {¶ 5} On April 24, 2006, Redding pleaded guilty in case number CR-478394 to one count of felonious assault with a firearm specification and one count of having a weapon while under disability; the State nolled the remaining counts. In case number CR-478393, Redding pleaded guilty to one count of failure to comply and to one count of carrying a concealed weapon; the State nolled the remaining counts.
 {¶ 6} The trial court initially set Redding's sentencing hearing for May 22, 2006, but rescheduled for a later date because it was not in receipt of Redding's intelligence quotient ("IQ") test results. On June 19, 2006, the trial court sentenced Redding to fourteen years in prison in case number CR-478394 and four years in prison in case number CR-478393, to run consecutively for a total prison term of eighteen years.
 {¶ 7} Redding appeals the trial court's imposed sentence.
 {¶ 8} In his first assignment of error, Redding argues as follows: "The trial court abused its discretion when it failed to grant a continuance to allow counsel of record to be present for appellant's sentencing." This assignment of error lacks merit.
 {¶ 9} The grant or denial of a continuance is within the sound discretion of the *Page 5 
trial court. State v. Jones, Cuyahoga App. No. 75574, 1999 Ohio App. LEXIS 6400. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. Appellate courts apply a balancing test to determine whether or not the trial court abused its discretion with regard to a motion to continue. Jones, supra. Specifically, the appellate court should look to the following:
 "the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." Jones, supra.
 {¶ 10} Here, Assistant Cuyahoga County Public Defender Juan Hernandez ("Hernandez"), an attorney possessed with superior lawyering skills, represented Redding through pretrials, discovery, and the plea hearing conducted on April 24, 2006. On May 22, 2006, another Assistant Cuyahoga County Public Defender, Kathy Moore ("Moore"), Hernandez' supervisor, was present on Redding's behalf at his sentencing hearing. The trial court did not have Redding's IQ test results that day and reset the sentencing hearing until June 19, 2006. On June 19, 2006, another Assistant Cuyahoga County Public Defender, Paul Kuzmins ("Kuzmins"), was present on behalf of Redding. *Page 6 
 {¶ 11} Kuzmins did not meet Redding or his family until the morning of June 19, 2006, and did not participate in any way in Redding's pretrials, discovery or plea hearing. On said date, Kuzmins made an oral motion to continue so that Redding could have Hernandez or Moore present at a future date for the sentencing phase. Kuzmins argued that because of Redding's mental health issues, albeit undiagnosed, and because of Redding's low IQ, Redding did not trust Kuzmins and wanted Hernandez or Moore present for his sentencing. The trial court denied Redding's motion and proceeded with sentencing.
 {¶ 12} As the hearing proceeded, Kuzmins provided the court with details regarding Redding's social history, education, IQ, mental health, and his remorse. The trial court, in regard to Redding's motion to continue and his sentence, concluded the following:
 "You all work for the Public Defender's Officer, I did feel that you had reviewed all of the reports available to you, had ample time to meet with the defendant and that you certainly did put on quite an argument here in the sentencing hearing, which I did consider. However, the Court's sentence is not reflective of anything any attorney would have done or said. It's reflective of the behaviors and dangerousness of Darren Redding, a known gang member." Tr. 50.
 {¶ 13} Application of the Jones balancing test to the facts of the case reveals that the trial court did not err in denying Redding's motion to continue. First, the trial court already continued the sentencing hearing once before, from May 22, 2006 to June 19, 2006. Second, Crenshaw, Redding's entire family, and the State would be *Page 7 
inconvenienced by having to attend a rescheduled sentencing hearing for a third time. Third, although not dilatory, purposeful or contrived, Redding contributed to the circumstances giving rise to the request for a continuance; namely, Redding was unable to participate in the IQ test scheduled prior to May 22, 2006, because of physical illness. We do note that Redding asserted the motion to continue based upon one legitimate reason: his desire to have Hernandez or Moore present for his sentencing.
 {¶ 14} Finally, the trial court emphasized that Redding's sentence is reflective of his behaviors, his dangerousness, and his association with a street gang, not as a result of what any defense counsel would have said or done during the sentencing hearing.
 {¶ 15} Thus, in applying the balancing test set forth inJones to the facts of this case, we find the trial court did not abuse its discretion in denying said motion. It should be noted, however, a trial court in considering a motion to continue in matters similar to the case at bar must remain cognizant not only of the public's interest in the prompt and efficient administration of justice but also an accused's right to counsel. In the instant case, where the accused was facing a lengthy sentence and where his behavior communicated an impression of agitation and paranoia during the sentencing hearing as a result of never meeting or speaking to new counsel, a continuance may be in the best interests of the court, the public, and the criminal defendant. *Page 8 
 {¶ 16} Redding's first assignment of error is overruled.
 {¶ 17} Redding's second assignment of error states, "The trial court erred by ordering appellant to serve a consecutive sentence." This assignment of error lacks merit.
 {¶ 18} We acknowledge, as does Redding, that a sentence for failure to comply must be served consecutively to any other imposed prison sentence, as does a firearm specification sentence. Therefore, Redding states that his appeal is based solely upon the other consecutive sentences imposed in the instant cases.
 {¶ 19} The trial court sentenced Redding to eighteen years in prison. Redding is serving fourteen years in prison for case number CR-478394: seven years for felonious assault, three years for the firearm specification, and four years for having a weapon under disability, to be served consecutively with each other and consecutively with case number CR-478393. Redding is serving four years in prison in case number CR-478393: three years for failure to comply and one year for carrying a concealed weapon, to be served consecutively with each other and consecutively with case number CR-478394.
 {¶ 20} Redding argues that pursuant to State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165 and State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110, the trial court erred in failing to make findings of fact on the record prior to imposing his prison sentence. Redding, however, is incorrect. Comer and Edmonson are superceded by State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. The Foster court *Page 9 
held the following:
 "[T]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give reasons for imposing maximum, consecutive, or more than the minimum sentences." Id.
 {¶ 21} In addition, "judicial factfinding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id. at paragraph 99. Pursuant to Foster, the prison terms imposed in the instant cases are within the basic statutory range and are based upon Redding's admission of guilt.
 {¶ 22} Although the trial court is no longer obligated to make findings of fact, the trial court in the instant case chose to make the following findings: Redding's prior 2001 and 2004 criminal record; his IQ and education; his status under postrelease control at the time the crimes in question were committed; the harm Redding caused to Crenshaw and others; his propensity for violence and danger to the public; his disregard for the law; and lastly, his remorse. Therefore, the trial court did not err in sentencing Redding to consecutive sentences that are each more than the minimum statutorily prescribed sentence. Nor did the trial court err with regard to findings of fact as it pertains to sentencing.
 {¶ 23} Finally, Redding argues that application of Foster in the instant case violates the ex post facto clause of Article I, Section 10
of the United States Constitution. The ex post facto clause prohibits, "every law that changes the *Page 10 
punishment, and inflicts a greater punishment, than the law annexed to the crime when committed." State v. Mallette, Cuyahoga App. No. 87984,2007-Ohio-715. Similarly, Section 28, Article II of the Ohio Constitution prohibits the General Assembly from passing retroactive laws and protects vested rights from legislative encroachments."Smith v. Smith, 109 Ohio St.3d 285, 2006-Ohio-2419. "Although the federal and state constitutions prohibit ex post factolegislation, similar restrictions have been placed on judicial opinions." (Emphasis in original.) State v. McGhee, Shelby County App. No. 17-06-05, 2006-Ohio-5162. However, Foster does not violate federal or state ex post facto clauses. See McGhee; see Mallette. Specifically, the Mallette court held:
 "In the instant case, Mallette had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced. Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding in Foster does not violate Mallette's due process rights or the ex post facto principles contained therein."
 {¶ 24} Here, Redding argues that he should be sentenced to the minimum, concurrent term. Redding does not argue that he lacked notice regarding his sentencing range, that Foster judicially increased the range of his sentence, retroactively applied a new statutory maximum to an earlier committed crime, or created the possibility of consecutive sentences where none existed. Thus, Redding's ex post facto argument fails. *Page 11 
 {¶ 25} Accordingly, judgment is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., CONCURS.
 SEAN C. GALLAGHER, J., CONCURS IN JUDGMENT ONLY *Page 1