[Cite as *In re S.A.N.*, 2019-Ohio-3055.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

IN RE:                                    :

    S.A.N.                              :                CASE NO. CA2019-03-025

                                          :                O P I N I O N
                                                           7/29/2019
                                          :

                                          :

                                          :


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 20185022


Schroeder Maundrell Barbiere & Powers, William P. Schroeder, Sarah E. Ambach, 5300 Socialville Foster Road, Suite 200, Mason, Ohio 45040, for appellee

Ostrowski Law Firm Co., L.P.A., Andrea G. Ostrowski, 20 South Main Street, Springboro, Ohio 45066, for appellant


**PIPER, J.**

{¶ 1}   Appellant (Mother) is the biological mother of S.A.N. and appeals a decision of the Warren County Probate Court finding that her consent to the adoption of S.A.N. was not required.

{¶ 2}   S.A.N.'s paternal grandmother ("Grandmother") was awarded legal custody of the child in March 27, 2013 and Mother was granted telephone contact with the child.  Mother

only made phone calls in the first few months following the legal custody determination and had no contact with S.A.N. for approximately five years.

{¶ 3} Grandmother filed a petition to adopt S.A.N. on April 4, 2018. She alleged in the petition that Mother's consent to the adoption was not required because Mother had failed to communicate with S.A.N. in the one-year period preceding the petition. Mother objected to the adoption and a magistrate held a hearing on the consent issue. The magistrate determined that Mother's consent was not required. The trial court overruled objections to the magistrate's decision.

{¶ 4} Mother now appeals the trial court's decision finding her consent to the adoption was not required. She raises one assignment of error for our review:

{¶ 5} THE TRIAL COURT ERRED WHEN IT HELD THAT MOTHER'S CONSENT WAS NOT NECESSARY FOR THE ADOPTION.

{¶ 6} The right of natural parents to the care and custody of their child is one of the most precious and fundamental in law. *In re A.N.L.*, 12th Dist. Nos. CA2004-11-131 and CA2005-04-046, 2005-Ohio-4239; see also *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388, 1394 (1982). Because adoption terminates these rights, Ohio law requires parental consent to an adoption unless a specific statutory exemption exists. *In re Caudill*, 4th Dist. No. 05CA4, 2005-Ohio-3927; R.C. 3107.06.

{¶ 7} An exemption to parental consent exists if a court finds, after notice and a hearing, that in the year preceding the adoption petition, the parent failed without justifiable cause to have more than de minimis contact with the child or failed to provide support and maintenance for the child. R.C. 3107.07(A). In this case, the trial court found that Mother's consent was not required because she had failed without justifiable cause to communicate with S.A.N. in the one year preceding the petition.

{¶ 8} When a petitioner for adoption alleges that a parent's consent is not required

based on a failure to communicate, the burden is on the petitioner to establish by clear and convincing evidence both that the parent failed to communicate and that the failure was without justifiable cause. *In re Adoption of M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236, ¶ 22; *In re Adoption of Holcomb*, 18 Ohio St.3d 361 (1985), paragraph four of the syllabus. Once the petitioner has established the failure to communicate, the burden of going forward shifts to the parent to show some facially justifiable cause for the failure. *In re Adoption of Bovett*, 33 Ohio St.3d 102, 104 (1987). The burden of proof, however, remains with the petitioner. *Id.*

{¶ 9} At the consent hearing, Grandmother testified that she first met S.A.N. in March 2012, when Mother let her take the child even though they had not met before. She testified that she then did not hear from Mother for six days. After the initial visit, S.A.N. then visited Grandmother the next several weekends. Based on statements from S.A.N. during a visit, Grandmother reported suspected abuse to Warren County Children Services and the child was placed in Grandmother's temporary custody. In the following months, Grandmother supervised Mother's visitations. Mother was sporadic with visitation and often had inappropriate conversations with the child, so visitations were moved to the agency, but Mother did not attend.

{¶ 10} In March 2013, S.A.N. was placed in the legal custody of Grandmother. The court's order stated that Mother was "to have reasonable and appropriate telephone contact with the minor child." Although notified, Mother did not appear at the legal custody hearing.

{¶ 11} Grandmother testified that Mother called occasionally in the first month or two following the legal custody determination, and then quit calling. In April or May 2014, Grandmother moved from Hamilton County to Warren County. Grandmother testified she notified Hamilton County Children Services but did not know she should have also notified Warren County Children Services. She testified, however, that her son, S.A.N.'s father, knew

- 3 -

of the move and visited her new residence occasionally.

{¶ 12} Grandmother stated that in May 2014, shortly after she moved, the new owner of her previous residence called her to pick up a card that appeared to have been left in the mailbox. In this card was a letter to Grandmother that appeared to state Mother did not want Grandmother to contact her. Grandmother testified that she has not seen or heard from Mother since that time. Grandmother also testified that her telephone number has been the same since 2010.

{¶ 13} Mother did not appear at the hearing, but her deposition was admitted into evidence. Mother admitted that she has not seen S.A.N. in approximately five years and has had no telephone contact since shortly after Grandmother was granted legal custody. Mother testified that she tried to drop off a turkey at Grandmother's house around Thanksgiving in 2015 or 2016, when she discovered Grandmother had moved. She stated that she spoke with Hamilton County Children's Services in 2014 and was informed her best course of action was to go to court first, but she did not follow through because she was trying to get her life together.

{¶ 14} Mother stated that she was not aware of the court order that granted her only limited telephone contact with S.A.N., and she did not know she was only allowed phone contact with the child. Mother's testimony seems to indicate that she lost her cell phone or obtained a new phone and that she did not have Grandmother's telephone number. She stated that she was only able to access Grandmother's phone number through the child's father. When asked if she ever tried going to court to obtain Grandmother's contact information, Mother responded that she did so, but was told that the court could not give her that information.

{¶ 15} Mother stated that she tried to send a Valentine's Day card in 2017, but it was rejected and "returned to sender." When asked if Grandmother had ever told her not to

contact S.A.N., Mother responded that Grandmother had told her "If you cannot follow probation and state rules, don't bother calling."[1]

{¶ 16} The trial court determined that Mother had failed without justifiable cause to communicate with the child in the one-year period preceding the adoption petition. The court determined that Mother had admitted that she did not have contact with the child during the one-year period. The court indicated that although Mother argued justifiable cause existed based on the court order and Grandmother moving without notifying the Warren County court, these events did not amount to justifiable cause. The court found that Grandmother was not the cause of Mother's inability to maintain a relationship with S.A.N. and Mother's own actions led to her absence of contact with S.A.N.

{¶ 17} On appeal, Mother argues that justifiable cause for the failure of communication exists because she lost her phone and did not have a way to contact Grandmother, and there is no way to search for a cell phone number. Mother also argues she stopped at Grandmother's last known address "multiple times to no avail." She further argues the court was even unaware where Grandmother lived and that she went to the court but was told she was not allowed to have information on where Grandmother lived.

{¶ 18} Justifiable cause can be established with evidence that there was significant interference or significant discouragement of communication by the child's custodian. *Holcomb,* 18 Ohio St.3d. 361 at paragraph three of the syllabus. Where substantial efforts of the child's custodian have deprived a parent of the opportunity to enjoy a meaningful relationship with her child, the law should not further reward the custodian's discordant efforts in a nonconsensual adoption proceeding. *See In re A.L.S.,* 12th Dist. Butler CA2017-09-146, 2018-Ohio-507, ¶ 23. The probate court is not restricted to focusing solely on the one-year

---

1. Grandmother testified that Mother had called at odd hours and after S.A.N.'s bedtime and also had inappropriate conversations with S.A.N.

statutory period in making this determination. *Id.*

{¶ 19} We find the trial court did not err in determining that no justifiable cause existed for Mother's failure to communicate with S.A.N. Nothing in the record indicates that Grandmother significantly interfered or significantly discouraged Mother from communication with the child. Although Mother argues on appeal that she lost her phone and did not have Grandmother's phone number, Mother's testimony on this issue is vague and unclear. However, even assuming Mother lost her phone or did not have Grandmother's phone number, nothing in the record indicates any attempt by Grandmother to conceal this information. Instead, the record indicates Mother did not make attempts to obtain the information.

{¶ 20} In addition, although Grandmother moved, nothing indicates she concealed or tried to hide this information from Mother. Moreover, the record shows no credible effort on the part of Mother to obtain Grandmother's address. The record shows S.A.N.'s father knew where Grandmother and the child were living. Mother's vague assertion that she called "the court" at some point in time to get Grandmother's contact information does not evidence a meaningful effort to contact the child. Nothing indicates Grandmother interfered with, or discouraged, communication between S.A.N. and Mother. Instead, as the trial court found, "Mother's own actions led to [the] lack of contact."

{¶ 21} Accordingly, we find no error in the trial court's determination that Mother failed without justifiable cause to communicate with S.A.N. in the one-year period preceding the adoption petition. Appellant's assignment of error is overruled.

{¶ 22} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.