[Cite as *In re Adoption of F.L.S.*, 2020-Ohio-936.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

|  |  |  |
|---|---|---|
|  | : |  |
| IN THE MATTER OF THE | : | Case No.   19CA9 |
| ADOPTION OF: | : |  |
| F.L.S. | : | DECISION AND JUDGMENT ENTRY |
|  | : |  |

---

APPEARANCES:

William J. Holt, Lancaster, Ohio, for Appellant.[1]

Kyle C. Henderson, Logan, Ohio, for Appellees.

---

CIVIL CASE FROM COMMON PLEAS COURT, PROBATE DIVISION
DATE JOURNALIZED:   3-8-20
ABELE, J.

{¶ 1}   Vanessa Lutz, respondent below and appellant herein, appeals the Hocking County Common Pleas Court, Probate Division, judgment that determined, pursuant to R.C. 3107.07(A), that her consent to her child's adoption is not required.

{¶ 2}   Appellant raises one assignment of error for review:

ASSIGNMENT OF ERROR:

"THE TRIAL COURT GRANTING APPELLEES PETITION FOR ADOPTION ON THE BASIS OF ITS FINDING THAT VANESSA LUTZ, MOTHER-APPELLANT, WAS NOT REQUIRED TO CONSENT FOR THE ADOPTION OF HER DAUGHTER, F.L.S., WAS AGAINST THE

---

[1]Appellant appeared pro se during the trial court proceedings.

MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 3}    On July 20, 2017, Fairfield County Children Services placed F.L.S., born May 16, 2017, in the home of Justin and Tiara Schmelzer, petitioners below and appellees herein.   On May 30, 2018, the Fairfield County Juvenile Court awarded legal custody of the child to the appellees.   As part of this order, the juvenile court granted appellant, the biological mother of F.L.S., a minimum of two hours per week visitation at the appellees' discretion.

{¶ 4}    On June 13, 2019, appellees filed a petition to adopt F.L.S. and alleged that appellant's consent is not required because, for a period of at least one year immediately preceding the filing of the adoption petition, appellant failed, without justifiable cause, to: (1) have more than de minimis contact with the child, and (2) provide for the child's maintenance and support as required by law or judicial decree.   On July 3, 2019, appellant objected to the adoption petition.

{¶ 5} On August 26, 2019, the Hocking County Probate Court (trial court) held a hearing to consider whether appellant's consent is necessary for the adoption to proceed.   The court heard testimony from appellant and the appellees.   Appellant, F.L.S.'s biological mother, testified that she lost custody at birth because the child tested positive for methamphetamine.   Appellant stated that she asked for visits with F.L.S. through her Child Protective Services caseworker, but claimed that the caseworker told her that the appellees refused to allow any visits with the child.   Appellant also testified that, at one point, appellees had temporary custody of another of appellant's children (H., born after F.L.S.) after that child also tested positive for methamphetamines at birth.   However, H. is now with appellant.   Appellant further acknowledged that she currently has four children, at one time all removed from her custody, and that during the hearing she was pregnant with her fifth child. Appellant explained that she had been sober for 183 days and in step four of the Fairfield County

Family Court Excel Program. Appellant conceded, however, that from June 13, 2018 through June 13, 2019, the year preceding the filing of the adoption petition, she failed to (1) visit F.L.S., (2) file a motion to modify the visitation order, and (3) provide support or maintenance for F.L.S.

{¶ 6} Appellee Tiara Schmelzer testified that she and her husband, Justin, obtained legal custody of F.L.S. on May 30, 2018. Appellees had F.L.S. for two days before they took her to the hospital for withdrawal symptoms. Tiara also stated that the biological parents did not provide financial support or necessities such as food, diapers or any other items, or attend court hearings for the child since December 2017. Tiara explained that she and Justin also took custody of F.L.S.'s younger sibling (H.), also born with methamphetamines in her system. Before the couple moved, Tiara testified that they lived about one minute from appellant and that she did not contact them.

{¶ 7} Appellee Justin Schmelzer testified that he builds mobile oil rigs for a living. He stated that he and Tiara already consider F.L.S. to be their daughter, and that F.L.S. gets along well with their seven-year old son. Justin explained that they also have an extra furnished room at their home for H. "just in case things don't work out in Vanessa's life." Additionally, although the adoption assessor did not testify at the hearing, she recommended that the adoption be approved.

{¶ 8} After hearing the evidence, the trial court determined that, pursuant to R.C. 3107.07, the biological parents' consent is not required because of (1) the failure, without justifiable cause, to provide more than de minimis contact with the minor for a period of at least one year immediately preceding the filing of the adoption petition, and (2) the failure, without justifiable cause, to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition. The court also determined that the adoption is in the child's best interest, granted the petition and changed the child's name from

F.L.M. to F.L.S. Additionally, the court terminated the biological parents' child support obligation, but did not extinguish any arrearage that may be due and owing. This appeal followed.

{¶ 9} In general, the written consent of a minor child's natural parent is required prior to an adoption. However, R.C. 3107.07 provides exceptions to this requirement. Consent to adoption is not required if:

> (A) A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding * * * the filing of the adoption petition * * *.

{¶ 10} In the case sub judice, appellee's adoption petition alleged that appellant's consent is not required because, for a period of at least one year immediately preceding the petition's filing, appellant failed, without justifiable cause, to (1) have more than de minimis contact with the child, and (2) provide maintenance and support for the child. It is important to understand that R.C. 3107.07(A) is written in the disjunctive. Consequently, a failure without justifiable cause to *either* have more than de minimis contact *or* provide maintenance and support for a one-year time period is sufficient to obviate the need for a parent's consent. *See In re Adoption of A.H.*, 9th Dist. Lorain No. 12CA010312, 2013-Ohio-1600, ¶ 9, citing *In re Adoption of McDermitt*, 63 Ohio St.2d 301, 304, 408 N.E.2d 680 (1980); *accord In re X.A.F.,* 4th Dist. Athens No. 17CA18, 2018-Ohio-215.

{¶ 11} The Supreme Court of Ohio has repeatedly emphasized that in construing R.C. 3107.07:

> Our analysis must begin with the recognition that the right of a natural parent to the care and custody of his [or her] children is one of the most precious and fundamental in law. Adoption terminates those fundamental rights. For this reason, we have held that " * * * [a]ny exception to the requirement of parental consent [to adoption] must be strictly construed so as to protect the right of natural parents to raise and nurture their children."

(Internal citations omitted.) *In re Adoption of Masa*, 23 Ohio St.3d 163, 164, 492 N.E.2d 140 (1986). The court also set forth a two-step analysis to employ when applying R.C. 3107.07(A). *In re Adoption of M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236, 963 N.E.2d 142, ¶ 23. The first step involves deciding the factual question of whether a parent willfully had failed to have more than de minimis contact with the minor child. *Id.* at ¶ 21. "A trial court has discretion to make these determinations, and in connection with the first step of the analysis, an appellate court applies an abuse-of-discretion standard when reviewing a probate court decision * * *." *Id.* at ¶ 25. In the second step, if a court finds a failure to have more than de minimis contact, the court must then determine whether justifiable cause exists for that failure. *Id.* at ¶ 23. A court's justifiable cause decision will not be disturbed on appeal unless that determination is against the manifest weight of the evidence. *Id.* at ¶ 24, citing *In re Adoption of Masa*, *supra,* at paragraph two of the syllabus. In general, a trial court's judgment should not be overturned as being against the manifest weight of the evidence if some competent and credible evidence supports that judgment. *Yannitell v. Oaks*, 4th Dist. Washington No. 07CA63, 2008-Ohio-6371, citing *C.E. Morris v. Foley Construction Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978). Furthermore, factual findings must be given great deference on review because the trier of fact is in the best position to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations to weigh the credibility of the proffered testimony. *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 461 N.E.2d 1273 (1984).

{¶ 12} Because a parent and child relationship constitutes a constitutionally protected liberty interest, *In re Adoption of Zschach*, 75 Ohio St.3d 648, 665 N.E.2d 1070 (1996), the termination of a parent's right is the family law equivalent of the death penalty. Thus, R.C. 3107.07(A) must be construed strictly in favor of the non-consenting parent. *In re Hayes*, 79 Ohio St.3d 46, 679 N.E.2d

680 (1997). Moreover, "[b]ecause cases such as these may involve the termination of fundamental parental rights, the party petitioning for adoption has the burden of proving, by clear and convincing evidence, that the parent failed to [have more than de minimis contact] with the child during the requisite one-year period and that there was no justifiable cause for the failure of [contact]." *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 368, 481 N.E.2d 613 (1985). Clear and convincing evidence "is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus (1954).

{¶ 13} In her sole assignment of error, appellant asserts that the trial court's judgment is against the manifest weight of the evidence. As we indicated above, the party that seeks to adopt a child without parental consent must prove, by clear and convincing evidence, that (1) the natural parent failed to support or communicate with the child for the requisite one-year time period, and (2) that the failure was without justifiable cause. *In re Adoption of Bovett*, 33 Ohio St.3d 102, 515 N.E.2d 919, (1987), at paragraph one of the syllabus. Moreover, the court "will not disturb a finding that parental consent is unnecessary for an adoption unless it is against the manifest weight of the evidence." *Id.*, at paragraph four of the syllabus.

{¶ 14} Under R.C. 3107.07, if appellant had "justifiable cause" for not having the requisite contact, then her consent to the adoption is required. "Justifiable cause" is a term of imprecise meaning. *In re Adoption of Holcomb*, *supra,* 18 Ohio St.3d at 367. In fact, the Ohio Supreme Court has declined to adopt any precise or inflexible definition for "justifiable cause." *Id.*

{¶ 15} In the case sub judice, appellant attempts to justify her lack of contact with F.L.S. with her assertion that she asked her Child Protective Services caseworker to contact petitioners regarding visitation, but they refused. However, at the hearing the trial court had the benefit of observing each witness. Credibility determinations must be left to the trial court's sound discretion, and "a trial court is free to believe all, part, or none of the testimony of any witness who appears before it." *In re Adoption of K.C.*, 3rd Dist. Logan No. 8-14-03, 2014-Ohio-3985, ¶ 26, citing *In re Adoption of M.C.*, 4th Dist. Jackson No. 11CA5, 11CA6, 2011-Ohio-6527, ¶ 19, quoting *Rogers v. Hill*, 124 Ohio App.3d 468, 470, 706 N.E.2d 438 (1998). Moreover, in addition to the questionable evidence concerning appellant's attempt to contact her child through her caseworker, such an attempt, if believed, is not sufficient to constitute justifiable cause for her failure to have de minimis contact with the child. Appellant conceded that she did not file any court motions or communicate directly with the appellees, despite having contact with them for court hearings and visitations concerning appellant's other child, who was also in the appellees' care, and despite living near the appellees for a period of time.

{¶ 16} This court recently considered a case in which the biological mother's family may have attempted to contact the father's relatives. We held:

> Although it appears that here the appellant's family may have made two attempts to contact father's relatives through Facebook, the trial court points out that no record exists of letters, cards, or other types of attempted contact. Moreover, appellant had the father's parents' address, as well as the ability to contact the father through the court. Appellant also points to her Meigs County visitation action, but the evidence actually reveals that appellant failed to appear in court to pursue her request for court ordered visitation. Moreover, it is undisputed that the September 2016 support order provided appellant with the address for father and X.A.F.

*In re X.A.F.*, 4th Dist. Athens No. 17CA18, 2018-Ohio-215, ¶ 18. Thus, in *X.A.F.* we concluded that the biological mother failed, without justifiable cause, to have more than de minimis contact with her child.

{¶ 17} In a similar case from the Twelfth Appellate District, *In re S.A.N.,* 12th Dist. Warren No. CA2019-03-025, 2019-Ohio-3055, a child's paternal grandmother obtained legal custody of the child and the court granted mother telephone contact. Mother, however, only made telephone calls in the first few months that followed the legal custody determination. The court held:

> We find the trial court did not err in determining that no justifiable cause existed for Mother's failure to communicate with S.A.N. Nothing in the record indicates that Grandmother significantly interfered or significantly discouraged Mother from communication with the child. Although Mother argues on appeal that she lost her phone and did not have Grandmother's phone number, Mother's testimony on this issue is vague and unclear. However, even assuming Mother lost her phone or did not have Grandmother's phone number, nothing in the record indicates any attempt by Grandmother to conceal this information. Instead, the record indicates Mother did not make attempts to obtain the information.
>
> In addition, although Grandmother moved, nothing indicates she concealed or tried to hide this information from Mother. Moreover, the record shows no credible effort on the part of Mother to obtain Grandmother's address. The record shows S.A.N.'s father knew where Grandmother and the child were living. Mother's vague assertion that she called "the court" at some point in time to get Grandmother's contact information does not evidence a meaningful effort to contact the child. Nothing indicates Grandmother interfered with, or discouraged, communication between S.A.N. and Mother. Instead, as the trial court found, "Mother's own actions led to [the] lack of contact."

*In re S.A.N., supra,* at ¶ 19-20.

{¶ 18} Similarly, in the case sub judice we agree with the trial court's conclusion that appellant's own actions led to the lack of contact. Appellant knew the child's location, knew how to contact the appellees, knew that the appellees had custody of another one of appellant's children during a period of time, and, for a portion of the requisite time period, lived withing walking distance of the child. Furthermore, we agree with the trial court that the evidence reveals that the appellees engaged in no significant interference or significant discouragement of communication. *See Holcomb,* supra, 18 Ohio St.3d 361 at paragraph three of the syllabus. Appellant's vague contention that she once tried to contact the child via her caseworker does not constitute a meaningful attempt to have contact

with the child. While it is certainly encouraging that appellant has taken steps to address her long-time drug use, and we applaud her efforts to reclaim her life and parent her other children, we nevertheless agree with the trial court that no justifiable cause exists for appellant's failure to communicate with F.L.S. for the one-year period preceding the adoption petition's filing.

{¶ 19} Therefore, after our review of the evidence adduced at the hearing, we conclude that ample competent, credible evidence supports the trial court's determination that the appellees proved, by clear and convincing evidence, that appellant failed, without justifiable cause, to have more than de minimis contact with F.L.S. for at least one year immediately preceding the filing of the adoption petition.

{¶ 20} Moreover, as we emphasize above, because R.C. 3107.07 is written in the disjunctive, a failure without justifiable cause for *either* more than de minimis contact *or* providing maintenance and support for one year immediately preceding the filing of the adoption petition will obviate the need for appellant's consent. For that reason, we need not address the maintenance and support issue, but we nevertheless offer some observations on this topic.

{¶ 21} In Ohio, both common law and statutory law mandate that a parent provide sufficient support for his or her child. *Haskins v. Bronzetti,* 64 Ohio St.3d 202, 204-205, 594 N.E.2d 582 (1992). "Ohio has long recognized that a biological parent's duty to support his or her child is a 'principle of natural law' that is 'fundamental in our society.'" *In re Adoption of K.L.M.*, 10th Dist. Franklin No. 15AP-118, 2015-Ohio-3154, ¶ 10, citing *In re Adoption of B.M.S.*, 10th Dist. Franklin No. 07AP-236, 2007-Ohio-5966.

{¶ 22} Appellant readily acknowledges that during the relevant one-year period she did not pay child support, and no dispute exists that appellant also did not provide other financial support or

support in the way of food, clothing or other items. Appellant argues, however, that her unemployment (from age 19 to 37) justifies her failure to pay support. Further, appellant contends that petitioners introduced no evidence whether justifiable cause exists for appellant's failure to provide support.

{¶ 23} The Supreme Court of Ohio recently addressed the issue of whether a parent is susceptible to the severance of his or her parental rights for failing to provide maintenance and support when a court has issued a decree to relieve the parent of any obligation to pay child support. *In re Adoption of B.I.*, 157 Ohio St.3d 29, 2019-Ohio-2450, 131 N.E.3d 28. In that case, the child's father was incarcerated during the one-year look back period and mother requested the court terminate the father's child-support obligation and reduce his arrearage to zero. The Supreme Court of Ohio held that, pursuant to R.C. 3107.07(A), a parent's nonsupport of his or her minor child pursuant to a zero-support order of a court of competent jurisdiction does not extinguish the requirement of that parent's consent to the adoption of the child.

{¶ 24} In the case at bar, although we do not have the support order before us, appellant acknowledged that her custody order established a support obligation. Appellant acknowledged, however, that she failed to comply with that order. Moreover, appellant testified that she is currently employed, and was so for approximately two months prior to the hearing. Appellant stated that she "went to Child Support and I got the paperwork that I need to fill out to turn in all my financial information," but acknowledged that she paid no support, nor provided any other support for her child since her birth.

{¶ 25} As this court has held, "[a]doption cases are all fact specific and turn on the particular facts and circumstances in each case." *In the Matter of the Adoption of Way*, 4th Dist. Washington

No. 01CA23, 2002 WL 59629, 2002-Ohio-117, * 6.   In *In re Way*, we considered a parent with a disability, lack of a job, meager monthly SSI benefits, and who had been relieved of her court ordered support obligation, and we concluded that this sufficiently established that appellant justifiably failed to support her child.   *Id.* at *5.   By contrast, the case at bar does not include any such disability, nor has appellant been relieved of her support obligation.

{¶ 26} In *In re B.B.S.*, 70 N.E.3d 1, 2016-Ohio-3515, (4th Dist.), the juvenile court found the mother "totally incapable of providing care or support for the child," and thus, did not establish a support order, but instead referred the petitioners to the child support enforcement agency should they desire to pursue support, which the petitioners did not do.   *Id.* at ¶ 21.   We concluded that mother's failure to support her child during the one-year period was justified.   *Id.* at ¶27.

{¶ 27} In the case sub judice (1) we find no order to relieve appellant of her duty to pay child support, and (2) appellant did fail to provide support, at least during the short time that she has been employed.   Thus, appellant arguably failed to pay support, at least for this abbreviated time period. We recognize, however,   that under these facts this small window makes it difficult to determine that appellant failed to provide support for her child.   Thus, because we have already concluded that appellant failed, without justifiable cause, to have more than de minimis contact with F.L.S. during the relevant time period, we believe it unnecessary to reach a final resolution for the support issue.

{¶ 28} Accordingly, based on the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

HOCKING, 19CA9

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court, Probate Division, to carry these judgments into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge

HOCKING, 19CA9

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.